

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CHARITIES BUREAU

212.416.8391
Yael.Fuchs@ag.ny.gov

January 26, 2023

**Via Electronic Filing**

Hon. Frederick J. Scullin, Jr.
United States District Court
Federal Building and U.S. Courthouse
P.O. Box 7255
Syracuse, NY 13261-7255

     Re: *VDARE Foundation, Inc.* v. *James*, No. 22-cv-1337

Dear Judge Scullin:

  The Attorney General has moved to dismiss this action on several grounds, including that (i) VDARE has not alleged a plausible First Amendment retaliation claim and that (ii) the lawfulness of the subpoena that VDARE seeks to challenge has already been presented through a motion to compel subpoena compliance filed in New York State Supreme Court on December 16, 2023.[1]

  I write to inform this Court that the Supreme Court issued a Decision and Order fully resolving the state action this week. *See* Decision and Order dated January 23, 2023, *New York* v. *VDARE Foundation, Inc.*, Index No. 453196/2022 (Sup. Ct. N.Y. Cty.) (the "Enforcement Order"). The Supreme Court (i) denied VDARE's request to dismiss the state action or for a stay pending resolution of its claims here, and (ii) directed VDARE to complete production of all outstanding material called for by the Attorney General's subpoena on or before February 24, 2023. The Supreme Court's analysis reviewed many of the same issues raised by the Attorney General's pending motion in this action and I enclose a copy of the decision as new, binding authority for this Court's consideration.

  VDARE asserts here, as it did in the state action, that the Attorney General issued subpoena demands unrelated to any valid investigative interest and that the Attorney General's investigation intrudes on VDARE's protected speech and associational rights. Presented with

---

[1]  The Attorney General filed her opening brief in support of dismissal on January 18, 2023 (Dkt. Nos. 12 and 12-1 through 12-22). The New York Supreme Court heard oral argument of the Attorney General's motion to compel subpoena compliance in the state action the following day, on January 19, 2023.

the same arguments and documentary record now before this Court, the Supreme Court addressed these concerns directly and concluded that:

- New York State has a public policy interest in ensuring the robust regulation of tax-exempt entities like VDARE, and the Attorney General has authority to supervise and investigate such entities when misconduct is suspected. Enforcement Order, at 6.

- The Attorney General has broad and well-established authority to issue subpoenas in connection with a civil investigation of a non-profit's conduct to determine whether to bring an enforcement proceeding. *Id.* at 5.

- The critical facts and events that triggered the Attorney General's review of VDARE are not in dispute, and VDARE's own filings admit many of those facts and underscore both the reasonableness of the Attorney General's subpoena and the relevance of complete financial and transaction records to OAG review. *Id.* at 7, 8.

- As the party seeking to challenge a subpoena on constitutional grounds, VDARE bears the initial threshold burden of demonstrating that production of the information sought by the subpoena would impair its constitutional rights. VDARE has not established why, after months of partial compliance, providing a redaction log of its already-produced documents and completing its production now raises a First Amendment concern and/or poses a threat to its existence. *Id.* at 7-8.

The Supreme Court also specifically examined two of the cases that VDARE highlights in its Complaint to urge its exemption from regulatory review. First, the Court determined that the subpoena is sufficiently focused on subject matter areas that fall with the Attorney General's statutory oversight authority to meet the standards for lawful investigative demands outlined in *Evergreen Ass'n, Inc.* v. *Schneiderman*, 153 A.D.3d 87 (2d Dep't 2017). *Id.* at 5-6. The Court also considered and distinguished the U.S. Supreme Court's analysis of donor anonymity in *Americans for Prosperity* v. *Bonta*, 141 S. Ct. 2373 (2021), noting that that decision concerned donor disclosures in a statewide annual filing requirement and expressly endorsed the use of subpoenas like the one at issue to obtain information for targeted investigative review. *Id.* at 8-9.

The Supreme Court's decision, reviewing the same factual record and constitutional claims that VDARE alleges in this action, represents a final judgment that is entitled to preclusive effect and requires dismissal of VDARE's Complaint. Pursuant to 28 U.S.C. § 1738, federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra* v. *Warren City School Dist. Bd. of Education*, 465 U.S. 75, 81 (1984); *see Conopco, Inc.* v. *Roll Int'l*, 231 F.3d 82, 87 (2d Cir. 2000). Under New York law, the doctrine of *res judicata*, or claim preclusion, applies where: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *See Monahan* v.

*N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).  Each of the requirements for preclusive effect are met here: the parties in this action are identical to those in the state proceeding, and VDARE had, and availed itself of, the opportunity to fully litigate the propriety of the Attorney General's investigation in that forum.  VDARE argued in the state action, exactly as it does here, that the Attorney General's true motive for investigation was pretextual and that insistence on additional disclosures "threatened VDARE's ability to conduct business."  Frisch Aff. at 3 (filed in this action as Exhibit E to the Decl. of Yael Fuchs, at Dkt. No. 12-7).  Urging the state court to stay or dismiss review in favor of this action, VDARE itself highlighted the overlap between its federal claims and the issues raised by the Attorney General's motion to compel compliance: "VDARE's Federal Complaint is based," it explained, "on many of the same underlying issues raised by the OAG's subsequent special proceeding in this Court," including allegations that the Attorney General's investigative demands were "unreasonable," "without any apparent legitimate investigatory purpose," and violated "settled principles of constitutional law." *See id.* at 12.  The Supreme Court has now issued a decision that expressly considers and rejects each of those arguments and fully resolves the state enforcement proceeding, and this Court must dismiss VDARE's federal claims on that ground.  *See Trump* v. *James*, No. 21-cv-1352, 2022 WL 1718951, at *16 (N.D.N.Y May 27, 2022) (BKS, C.J.) (order in New York subpoena enforcement proceeding that granted motion to compel was final judgment on the merits which brought parties' claim regarding compliance with subpoena "to a final conclusion" and was entitled to preclusive effect in Section 1983 action seeking to enjoin further investigation). *See also Gherardi* v. *State of New York*, 161 Fed. Appx. 60 (2d Cir. 2005) (affirming dismissal of constitutional challenge to property use legislation in federal court on *res judicata* grounds where prior state action asserting identical challenge had been dismissed on the merits).

      For all of the reasons highlighted in the Enforcement Order and in the Attorney General's briefing in support of its motion to dismiss, this Court should dismiss VDARE's claims in their entirety.

                                    Respectfully submitted,

                                    */s/ Yael Fuchs*

                                    Assistant Attorney General

Encl.

cc:     Counsel of Record (via ECF)

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. SABRINA KRAUS | PART | 57TR |
|---|---|---|---|
| | *Justice* | | |

-------------------------------------------------------------------------------X

PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK

                                       Plaintiff,

- v -

VDARE FOUNDATION, INC.,

                                       Defendant.

-------------------------------------------------------------------------------X

| INDEX NO. | 453196/2022 |
|---|---|
| MOTION DATE | 1/19/2023 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 33, 53, 56, 57, 59, 60, 61

were read on this motion to/for                          **ENFORCEMENT**    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 58

were read on this motion to/for                            **DISMISSAL**    .

## BACKGROUND

Petitioner commenced this special proceeding to compel compliance with a subpoena duces tecum dated June 23, 2022 (the "Subpoena") issued in conjunction with an investigation into the activities of Respondent, a not-for-profit corporation.

## ALLEGED FACTS

Respondent is a New York charitable not-for-profit corporation that incorporated in New York in 1999. In 2000, Respondent, then known as, the Lexington Research Institute, Limited, applied for and received recognition of its tax-exempt status from the IRS as a 501(c)(3) charitable entity. Respondent did not register with the Attorney General's office until 2009.

453196/2022   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC.
Motion No.  001 002

Page 1 of 11

1 of 11

In its application for federal tax-exempt status, Respondent stated its plan to operate from offices in New York and listed two of its four directors at addresses in New York City. Respondent described its primary purpose as creating a publication web page and magazine, with editorial content focusing on foreign and domestic policy issues.

In 2019, Respondent reported a six-fold increase in revenue, from $700,000 in 2018 to approximately $4.3 million in 2019 and including a $1.5 million lump donation from a donor-advised fund. In early 2020, Respondent spent $1.4 million of these newly received funds on the purchase of the Berkeley Springs Castle, a medieval-style castle located in West Virginia.

Public postings by Respondent Chairman Peter Brimelow and others indicate that he and his family have used the castle as their primary residence since at least March 2020. During this same period, Respondent also substantially increased payments to Brimelow and to third-party, for-profit companies he controls. In 2019, Brimelow's reported salary more than doubled and comprised roughly one third of Respondent's operating expenditures. Respondent separately reported spending tens of thousands of dollars on office expenses in 2019, as well as paying hundreds of thousands of dollars to a third-party LLC controlled by Brimelow that was based at Brimelow's residential home address.

In December 2020, Respondent conveyed the entirety of the Berkeley Springs Castle property to two West Virginia corporations incorporated by Lydia Brimelow, Peter's wife and a Respondent director, five months earlier. Respondent conveyed the castle itself and the land that it sits on to the Berkeley Castle Foundation (BCF), a non-profit corporation. Respondent conveyed the remaining land, consisting of eight parcels, to BBB, LLC, a for-profit corporation.

Based on the information it had obtained, the Attorney General began an investigation of Respondent and its leadership for potential violations of the New York law applicable to

453196/2022  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY                Page 2 of 11
GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC.
Motion No. 001 002

2 of 11

charities. The Subpoena seeks: documents concerning Respondent's organizational structure; compliance conflict-of-interest policy requirements under New York law, and financial operations; its purchase and conveyance of the Berkeley Springs Castle; and transactions between Respondent and entities controlled by the Brimelows.

Respondent originally took the position that the Subpoena was unlawful and should be withdrawn. On September 19, 2022, new counsel for Respondent agreed to comply with the Subpoena but asserted that a significant volume of electronically-stored and hard copy documents needed to be reviewed. Respondent made its first production that day consisting of 27 documents produced without Bates numbers and bearing unmarked redactions. No log was provided to identify or explain the redactions.

In the twelve weeks since its first September delivery, Respondent has produced approximately 6,000 pages from its hard copy records. It has redacted that material without any explanation for how material was chosen for redaction. Petitioner assets that the redactions are extensive and have been applied across almost every category of document produced, including board meeting minutes, bank statements, internal accounting ledgers, credit card statements, invoices, financial records for the limited liability company (Happy Penguins LLC) from which Respondent has historically leased Peter Brimelow's services, and bank statements to accounts held personally by Peter and Lydia Brimelow.

On October 31, 2022, Lydia Brimelow represented that, with limited exceptions, Respondent's hard copy production was complete, and identified 22 unique email accounts containing approximately 40 gigabytes of potentially responsive electronically stored information. Respondent's counsel stated that review of that material would be completed by

453196/2022 PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC.
Motion No. 001 002

Page 3 of 11

3 of 11

November 21, 2022. Respondent subsequently proposed December 12, 2022, as a new deadline for completing email production.

On December 2, 2022, Petitioner wrote to Respondent, summarizing its concerns with the pace and scope of the production, including its extensive redactions, and demanded that Respondent complete its subpoena compliance and produce a redaction log by December 12, 2022.

On December 12, 2022, Respondent filed an action in United States District Court for the Northern District of New York against Petitioner [*VDARE Foundation, Inc. v. James*, 1:22-cv-01337 (FJS)], alleging, among other things, that Petitioner's demands for certain disclosures threaten Respondent's ability to conduct business; and that Petitioner's subpoena is a retaliatory pretext aimed at interfering with Respondent's rights to freedom of speech and association. The federal complaint seeks a declaration that Subpoena violates Respondent's first amendment rights, an injunction preventing Petitioner's enforcement of the Subpoena and damages.

On December 16, 2022, Petitioner commenced this special proceeding.

## **PENDING APPLICATIONS FOR RELIEF**

Petitioner seeks an order compelling Respondent to comply with the investigative Subpoena duces tecum dated June 23, 2022.

Respondent has moved for an order dismissing this proceeding, or alternatively staying the proceeding pending resolution of the Federal Action.[1]

On January 19, 2023, the court heard oral argument on the motions and reserved decision. For the reasons stated below, Petitioner's motion to compel is granted and Respondent's motion for a stay or dismissal is denied.

---

[1] At argument Respondent withdrew its request for dismissal and limited its request to a stay pending the Federal Court litigation.

453196/2022  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY		Page 4 of 11
GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC.
Motion No.  001 002

4 of 11

## DISCUSSION

The requirements for the issuance of an investigatory subpoena duces tecum are "(1) that the issuing agency has authority to engage in the investigation and issue the subpoena, (2) that there is an authentic factual basis to warrant the investigation, and (3) that the evidence sought is reasonably related to the subject of the inquiry" (*Matter of Abrams v. Thruway Food Market & Shopping Center, Inc.,* 147 A.D.2d 143, 147, 541 N.Y.S.2d 856; citing *Matter of Levin v. Murawski,* 59 N.Y.2d 35, 462 N.Y.S.2d 836, 449 N.E.2d 730, and *Matter of A'Hearn v. Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn.,* 23 N.Y.2d 916, 298 N.Y.S.2d 315, 246 N.E.2d 166).

*Evergreen Ass'n, Inc. v. Schneiderman*, 153 A.D.3d 87, 96 (2017).

The Attorney General has broad and well-established authority to issue subpoenas in connection with a civil investigation of a non-profit's conduct to determine whether to bring an enforcement proceeding. Exec. Law §§ 63(12), 175; N-PCL § 112; EPTL § 8-1.4(m). *See also Temple of the Lost Sheep*, 148 Misc. 2d at 828–29. "Moreover, in evaluating the Attorney General's justification for the issuance of a subpoena, there is a presumption that (s)he is acting in good faith" (*Matter of Dental Coop. v. Attorney–General of State of N.Y.,* 127 A.D.2d 274, 280; *see Matter of Abrams v. Thruway Food Market & Shopping Center, Inc.,* 147 A.D.2d at 147). The party challenging a subpoena issued by the Attorney General bears the burden of establishing the subpoena's invalidity. *Id.* at 828

CPLR §2308(b) provides "… if a person fails to comply with a subpoena which is not returnable in a court, the issuer or the person on whose behalf the subpoena was issued may move in the supreme court to compel compliance. If the court finds that the subpoena was authorized, it shall order compliance and may impose costs not exceeding fifty dollars."

In evaluating the propriety of an investigative subpoena, New York courts apply a deferential standard of review: it is presumed that the Attorney General acts in good faith. *Ryan*

453196/2022   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC.
Motion No.  001 002

Page 5 of 11

5 of 11

*v. Lefkowitz*, 18 N.Y.2d 977, 979 (1966); *Hogan v. Cuomo*, 67 A.D.3d 1144, 1145 (3d Dep't 2009); *Anheuser-Busch. Inc. v. Abrams*, 71 N.Y.2d 327, 332 (1988)), aff'd 205 A.D.3d 625 (2022).

Petitioner's subpoena request must demonstrate a "reasonable relationship to the subject matter under investigation and the public interest to be served." *Giardina v. James*, 185 A.D.3d 451 (1st Dep't 2020).  A party must respond to an investigative subpoena unless the information sought is "utterly irrelevant to any proper inquiry." *Anheuser-Busch, Inc. v. Abrams*, 71 N.Y.2d 327, 331–32 (1988).

New York State has a public policy interest in ensuring the robust regulation of tax-exempt charitable entities like Respondent and Petitioner has authority to supervise and investigate such entities when misconduct is suspected.

Petitioner's Subpoena is focused on subject matter areas which fall within the statutory provisions that govern not-for-profit corporations. The Not-for-Profit Corporation Law, for example, provides that entities like Respondent may be formed only for charitable purposes, *see*, *e.g.*, N-PCL §§ 202, 204, 205, and that charitable assets may not be distributed to members, directors or officers, N-PCL § 515(a). Charitable entities are also subject to express requirements under the N-PCL for lawful operation, including requirements for a process by which compensation is set (N-PCL § 515(b)); processes for acquisition and "sale or other disposition" of property (N-PCL §§ 509, 510, 511 and 511-a); creating and presenting complete and accurate financial reports (N-PCL §§ 519, 520); a process for considering related party transactions (N-PCL § 715); and a process for managing conflicts of interest. (N-PCL § 715-a).

The Subpoena's requests demand the type of material that will permit Petitioner to determine whether Respondent has complied with these requirements, including complete copies

453196/2022  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC.
Motion No.  001 002

Page 6 of 11

6 of 11

of Respondent's annual regulatory filings, financial transaction records, compensation records, and records of Board meetings and review. The documents called for will permit Petitioner to determine whether there has been any diversion of charitable assets—for example through unlawful payments to for-profit corporations held by the Brimelows or other VDARE fiduciaries. Article 7-A of the Executive Law authorizes the Attorney General to supervise charitable organizations that solicit in New York, and Article 7-A requires the Attorney General to monitor such organizations to ensure that, inter alia, a charity does not solicit contributions under false pretenses or use the contributions it receives in a manner that is not "substantially consistent" with the charity's stated purposes. See generally Executive Law § 172-d.

Respondent has raised constitutional objections related to the First Amendment and therefore had the initial threshold burden to make a showing that production of the information sought would impair its First Amendment rights (*see Matter of Full Gospel Tabernacle v. Attorney–General of State of N.Y.,* 142 A.D.2d 489, 493, 536 N.Y.S.2d 201; *St. German of Alaska E. Orthodox Catholic Church v. United States,* 653 F.Supp. 1342, 1346–1347 [S.D.N.Y.]; *see also Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL–CIO,* 72 N.Y.2d 307, 532 N.Y.S.2d 722, 528 N.E.2d 1195). However, Respondent makes this argument on behalf of its donors and Petitioner has agreed, initially to redact donors' and volunteers' identities. Respondent has not established that the Subpoena would impair Respondent's own First Amendment rights.

Additionally, Respondent's filings themselves underscore the reasonableness of the Subpoena. Respondent admits the critical facts that first triggered Petitioner's scrutiny— Peter Brimelow, Respondent's founder and director, and his wife, Lydia Brimelow, also a director,

453196/2022 PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC.
Motion No. 001 002

Page 7 of 11

7 of 11

used and continue to use a $1.4 million charitable asset as their personal residence. See Frisch Aff. (Doc. No. 37).

Respondent argues that the Brimelows paid rent to live in the cottage beginning in April 2021, however the lease is between Lydia Brimelow and BBB, LLC, a West-Virginia for-profit corporation she manages, and Lydia Brimelow signed the document as both landlord and tenant. Frisch Aff. Ex. H (Doc. No. 45); Fuchs Aff. Ex. L (BBB, LLC registration showing Lydia Brimelow as manager).

Respondent's motion and accompanying papers fail to meet its burden of establishing the Subpoena's invalidity. Respondent, which has partially complied with the subpoena for months, has not established why providing a redaction log for its already-produced documents raises any First Amendment concerns or why continuing production would pose a threat to its existence.

Although Respondent argues that redactions are required to protect the identities of contractors—including writers who contribute to the website—these are precisely the records the Petitioner seeks to examine in its investigation of Respondent's alleged organizational misconduct. To the extent anonymity is used to mask violations of the law, "it is unprotected by the First Amendment." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010).

For example, the only board member among four who is not a Brimelow family member is a known contributor. The Attorney General may probe this contributor's compensation as part of its investigation of conflicts of interest and board independence. And the Attorney General may seek the identities of other contributors to determine whether further conflicts of interest may exist.

Respondent's reliance on *Americans for Prosperity v. Bonta*, 141 S.Ct. 2373 (2021), is equally unavailing. That decision concerned only donor disclosures in statewide annual filing

453196/2022 PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC.
Motion No. 001 002

Page 8 of 11

8 of 11

requirements, while expressly permitting subpoenas seeking the same information as part of a targeted investigation. *See Ams. for Prosperity Found*., 141 S. Ct. at 2386–87. Moreover, Petitioner has indicated a willingness to enter into a stipulation /order of confidentiality to further address any of Respondent's concerns.

Finally, Respondent presents no compelling basis for a stay of this proceeding in its moving papers, and acknowledged at oral argument it has not sought a stay of this proceeding from the Federal District Court.

Based on the foregoing, Respondent's motion for a stay is denied and Petitioner's motion to compel is granted.

WHEREFORE it is hereby:

ORDERED Respondent VDARE Foundation, Inc. ("VDARE") shall comply with the Subpoena, subject to the agreement of July 27, 2022, memorialized in Exhibit R to the Affirmation of Yael Fuchs at Dkt. No. 22, that VDARE may redact the following from otherwise responsive material: (i) the names of any actual or anticipated private (nonVDARE) attendees present at VDARE events conducted at or broadcast from the 276 Cacapon Road, Berkley Springs, West Virginia Property; and (ii) donor-identifying information in any responsive record of private contributions to the organization and/or purchases from the October 16, 2021 "Castle Auction" (transaction amounts, dates, and other details must be disclosed); and it is further

ORDERED that such redactions are without prejudice to Petitioner's right to seek modification of these agreed redaction terms by written application to the Court on notice to VDARE; and it is further

453196/2022  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY                Page 9 of 11
GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC.
Motion No.  001 002

9 of 11

ORDERED that on or before February 10, 2023, VDARE shall re-produce all hard copy documents previously produced to Petitioner, in a revised form that bears only those redactions outlined in the preceding paragraph or any additional redaction identified by VDARE in a written log that complies with the requirements of CPLR 3122(b); this production shall be accompanied by simultaneous delivery of the corresponding CPLR 3122(b) log; and it is further

ORDERED that on or before February 24, 2023, VDARE shall complete production of all responsive material contained in the universe of electronic files identified by its October 31, 2022 letter (Dkt. No. 26); on or before February 24, 2023, VDARE shall provide a written log that complies with the requirements of CPLR 3122(b) to identify the redactions, if any, applied to such production; and it is further

ORDERED that the parties, if so advised, may forthwith enter into a Stipulation for the Production of Confidential Information pursuant to this order and submit said stipulation to be so-ordered by the court; and it is further

ORDERED that, within 20 days from entry of this order, Petitioner shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

ORDERED that any relief not expressly addressed has nonetheless been considered and is hereby denied; and it is further

453196/2022  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC.
Motion No.  001 002

Page 10 of 11

10 of 11

ORDERED that this constitutes the decision and order of this court.

20230123145420SBKRAUS6094DD2CD58448FE88AF03FF4E118495

__1/23/2023__                                               _____
**DATE**                                                    **SABRINA KRAUS, J.S.C.**

| CHECK ONE: | **X** | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | **X** | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

453196/2022   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY          Page 11 of 11
GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC.
Motion No. 001 002

11 of 11