UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VDARE FOUNDATION, INC.,

              Plaintiff,

    -vs-

LETITIA JAMES, in her official capacity as
Attorney General of the State of New York,

              Defendant.

22-cv-1337 (FJS/CFH)

---

# REPLY IN SUPPORT OF
# DEFENDANT'S MOTION TO DISMISS

**LETITIA JAMES**
New York State Attorney General
28 Liberty St. New York, NY 10005

By:
    JAMES SHEEHAN
    Assistant Attorney General
    NDNY Attorney Bar Roll # 516406
    YAEL FUCHS
    Assistant Attorney General
    NDNY Attorney Bar Roll # 702160
    CATHERINE SUVARI*
    Assistant Attorney General
    RICHARD SAWYER*
    Special Counsel, Civil Rights Bureau

    *Appearing pro hac vice

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.    The OAG obtained a final state-court order compelling subpoena compliance. ........... 2

    II.    The state court's rulings bind this Court under the law of res judicata. ........................ 3

    III.    VDARE's First Amendment retaliation claims must be dismissed. .............................. 6

        A.    The state court ruled that VDARE has not established a First Amendment injury and that the OAG's investigation was justified. ............................................ 7

            1.    VDARE did not establish a First Amendment injury. ........................................ 7

            2.    The OAG's investigation is Justified. ................................................................. 8

        B.    VDARE's own admissions defeat its retaliation claim............................................ 8

    IV.    All claims under state law and all claims for money damages must be dismissed for lack of jurisdiction.................................................................................................... 9

CONCLUSION........................................................................................................................ 9

## INTRODUCTION

This lawsuit was Plaintiff VDARE's attempt to divest the New York State Supreme Court of its statutory authority to supervise an investigative subpoena lawfully issued by the New York State Attorney General (OAG). That gambit failed. VDARE filed its complaint in this action on the very day it had promised to complete an ongoing production. Four days later, the OAG made good on its express warning, stated weeks earlier, that it would move to compel VDARE's compliance in state court if VDARE missed its self-imposed deadline. *See* D.E. 12-1 at 10-11. Since then, the New York Supreme Court has ordered full compliance with the subpoena and, in so doing, resolved every dispositive issue before this Court in the OAG's favor. It found that the OAG's subpoena was validly issued and "focused on subject matter areas which fall within the statutory provisions that govern not-for-profit corporations." D.E. 15 at 9. It rejected VDARE's First Amendment challenges, finding that VDARE "has not established that the Subpoena would impair [VDARE's] First Amendment rights." *Id.* at 10. And it found that VDARE's admissions "underscore the reasonableness of the Subpoena." *Id.* Just months ago, when presented with a similar order compelling compliance with an OAG subpoena, the Court dismissed a nearly identical First Amendment retaliation claim on res judicata grounds. *Trump v. James*, 2022 WL 1718951, at *16–20 (N.D.N.Y. May 27, 2022). The Court should reach the same result here.

Independent of the state court's binding review, the concessions in VDARE's opposition brief also require dismissal. To prevail on its only claim, First Amendment retaliation, VDARE must show that the OAG's investigation had no legitimate basis. But VDARE concedes the OAG's "broad authority" to conduct this investigation, D.E. 26 (Opp. Br.) at 4, and its "discretion" to investigate the possible misuse of charitable funds in VDARE's acquisition of a

1

$1.4 million castle, *id.* at 17. These admissions echo the state court's ruling: the OAG's investigation has a legitimate basis that defeats any retaliation claim as a matter of law.

## ARGUMENT

### I. The OAG obtained a final state-court order compelling subpoena compliance.

On January 23, 2023, the New York Supreme Court issued a detailed order directing VDARE to comply with the OAG's subpoena and rejecting VDARE's First Amendment challenges to the subpoena's validity. Reviewing the factual record of VDARE's response to the subpoena, including documentary evidence—a task beyond this Court's authority on a motion to dismiss—the court specifically determined that the OAG's subpoena was justified and that VDARE had not established *any* First Amendment injury.

First, the court applied well-settled standards to examine the lawfulness of OAG's subpoena demands and ruled that the subpoena demonstrated "a reasonable relationship to the subject matter under investigation and the public interest to be served." D.E. 15 at 9 (quoting *Giardina v. James*, 185 A.D.3d 451 (1st Dep't 2020)). It determined that the subpoena "is focused on the subject matter areas which fall within the statutory provisions that govern not-for-profit corporations" and that the requests themselves "demand the type of material that will permit [the OAG] to determine whether [VDARE] has complied" with the law. *Id.* The court specifically found that the requests would allow the OAG "to determine whether there has been any diversion of charitable assets—for example through unlawful payments to for-profit corporations held by the Brimelows or other VDARE fiduciaries." *Id.* at 10.

Next, the state court ruled that VDARE did not meet its burden of showing any First Amendment injury from the subpoena. *Id.* To the contrary, VDARE's own submissions "underscore[d] the reasonableness of the Subpoena" because they confirmed the OAG's

suspicions about the misuse of charitable assets in buying the $1.4 million castle. *Id.* at 10-11. Reviewing VDARE's concerns about disclosing contractor's identities, the court found "these are precisely the records" the OAG must examine in its investigation into alleged self-dealing. *Id.* at 11. The identities of contractors, including site contributors, must be disclosed to "determine whether further conflicts of interest may exist." *Id.* The court noted that VDARE did not establish "why providing a redaction log for [ ] already-produced documents raises any First Amendment concerns or why continuing production would pose a threat to its existence." *Id.* The court denied VDARE's request to stay the state proceeding pending resolution of this action and ordered production by a date certain. VDARE noticed its intent to appeal and filed a stay request pending appellate review; that request is now before the Appellate Division, First Department.

**II.     The state court's rulings bind this Court under the law of res judicata.**

VDARE does not dispute that the state court order meets all three requirements for res judicata effect under New York law: "(1) a final judgment on the merits; (2) identity or privity of parties, and (3) identity of claims in the two actions."[1] Finality is clear—a state-court order resolving a special proceeding by compelling subpoena production is a final adjudication on the merits under New York law. *Trump*, 2022 WL 1718951, at *16–17; *see also In re 381 Search Warrants Directed to Facebook, Inc.*, 29 N.Y.3d 231, 243 (2017) (holding an order denying a motion to quash a subpoena "is a final and appealable order in a special proceeding"). The fact that the state-court order is currently on appeal does not affect its finality for res judicata. *See, e.g., Plaza PH2001 LLC v. Plaza Residential Owner LP*, 98 A.D.3d 89, 98 (1st Dep't 2012) (holding "the pending appeal did not alter the applicability of the doctrine of res judicata").

---

[1] *Divito v. Glennon*, 193 A.D.3d 1326, 1328 (4th Dep't 2021). This Court looks to New York law to determine the res judicata effect of New York rulings. *See Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir. 2000).

There is no dispute concerning the identity of the parties in the two actions, and VDARE has also admitted that the issues raised in both actions overlap almost completely. *See, e.g.*, D.E. 12-7 (Frisch Aff.) at 12 ("VDARE's Federal Complaint is based on many of the same underlying issues raised by OAG's special proceeding in [state court]."). Indeed, the state court reviewed and rejected the central argument in VDARE's lawsuit here—that the subpoena was unlawful retaliation that damaged VDARE's First Amendment rights. *See* D.E. 15 at 10-11.

VDARE's only response to the applicability of res judicata is that it was somehow unfair for the state court to decide this matter first. The law is clear that it does not matter which proceeding was filed first—the first final order controls. *See, e.g.*, *Forte v. Kaneka Am. Corp.*, 110 A.D.2d 81, 86 (2d Dep't 1985) (holding that for the purposes of res judicata, "the effective date of a final judgment is the date of its rendition, without regard to the date of the commencement of the action in which it is rendered or the action in which it is to be given effect"); Restatement (Second) Judgments § 14, Cmt. a (holding that a judgment has res judicata effect even when "the action in which it is rendered was commenced later than the pending action"). It is equally clear that state courts are competent to adjudicate constitutional rights, like those asserted here, "and the potential for preclusion is a necessary consequence of that." *Exxon Mobil Corp. v. Schneiderman*, 316 F. Supp. 3d 679, 703 (S.D.N.Y. 2018) (dismissing a First Amendment retaliation claim because the constitutional issues had been decided in a prior state-court enforcement proceeding); *see also Temple of the Lost Sheep, Inc. v. Abrams*, 930 F.2d 178, 185 (2d Cir. 1991) (affirming dismissal of § 1983 claim as precluded by state-court judgment in prior proceeding to quash subpoena).

Nor was it procedurally improper for the OAG to seek relief in state court. As this Court has recognized, state court is the "proper" forum for litigating the validity of a state subpoena.

*Trump*, 2002 WL 1718951, at *18. When VDARE complained in state court that the special proceeding should be dismissed under New York's "first-filed" rule, the state court summarily rejected the argument. D.E. 15 at 7, 12. New York's "first-filed" rule does not apply where, as here, "one party files the first action preemptively, after learning of the opposing party's intent to commence litigation." *L-3 Comms. Corp. v. SafeNet, Inc.*, 45 A.D.3d 1, 9 (1st Dep't 2007). That ruling, too, is res judicata in this Court. *Trump*, 2002 WL 1718951, at *18.[2]

      VDARE cites the Second Restatement of Judgments for limited exceptions to res judicata in cases concerning "a continuing restraint or condition having a vital relation to personal liberty" or "the failure of the prior litigation to yield a coherent disposition of the controversy." *See* D.E. 26 at 27 (citing Restatement (Second) of Judgments § 26(1)(f)). The Restatement's comments make clear that neither exception would be applicable here. The "personal liberty" exception applies only to "civil actions attacking penal custody" and other habeas-like proceedings, including "cases involving civil commitment of the mentally ill, or the custody of a child." Restatement (Second) of Judgments § 26, Cmt. i. Similarly, the exception for "failure…to yield a coherent disposition" applies only to the "extremely rare" cases where "the disposition of the claim and counterclaim in a prior action has left the parties with inconsistent interests in disputed property." *Id.* That's obviously not the case here—no property is under dispute, and the order to complete production by a date certain can easily be followed.

---

[2] VDARE's continuing suggestion that OAG's December 21 request for a two-week extension due to the holidays and an attorney's illness was gamesmanship is a red herring. D.E. 26 at 7. The OAG filed its special proceeding on New York's electronic docket on December 16, but service on VDARE was not procedurally proper until after the Supreme Court entered an order to show cause. *See* CPLR 2214(d). The OAG promptly served VDARE when the Supreme Court entered the order on December 22. VDARE then had the opportunity to withdraw its courtesy and oppose our extension motion here, but it did not. The Court granted our request on December 28. D.E. 9.

5

VDARE's reference to a "race to res judicata," D.E. 26 at 7-8, simply underscores why dismissal is warranted. The phrase comes from cases concerning when a district court may decline to hear a declaratory judgment claim—like Count One of this lawsuit. In the very decision VDARE cites, issued only last month, the Second Circuit warned that a district court should not exercise discretionary federal jurisdiction where its decision to conduct a declaratory review would undermine a state court's jurisdiction over its own domain. In the Second Circuit's words, the district court should determine whether a declaratory judgment action "is being used merely for procedural fencing or a race to res judicata; [and] whether the use of declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court." *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 97 (2d Cir. 2023). Here, the state court has spoken, and VDARE's declaratory judgment claim seeks to create just the sort of needless friction the Second Circuit warned against.

**III.  VDARE's First Amendment retaliation claims must be dismissed.**

VDARE concedes that the First Amendment does not "prohibit[] the use of an administrative subpoena as an investigative tool" and that it sues only for First Amendment retaliation. D.E. 26 at 22. The parties agree on the standard for evaluating such a claim— VDARE must show that "(1) the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *See* D.E. 26 at 8 (quoting *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015)). VDARE does not dispute that establishing causation requires showing that "the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). The binding state court order has already ruled against VDARE on the first and third elements, and VDARE's own admissions

independently establish that the OAG's investigation had a legitimate basis.

A.  **The state court ruled that VDARE has not established a First Amendment injury and that the OAG's investigation was justified.**

                1.  **VDARE did not establish a First Amendment injury.**

After reviewing VDARE's filings, the state court concluded that VDARE "has not established that the Subpoena would impair [VDARE's] own First Amendment rights." D.E. 15 at 10. The court observed that VDARE had "partially complied with the subpoena for months" and could not articulate how "providing a redaction log for its already-produced documents raises any First Amendment concerns or why continuing production would pose a threat to its existence." *Id.* at 11. The court also ruled that contractor identities, including writers for VDARE's website, are central to the OAG's investigation of potential self-dealing. *Id.* The court observed that the overlap between contributors and board members could pose "conflicts of interest" and call into question "board independence." *Id.* Accordingly, the court ordered disclosure of their identities "to determine whether further conflicts of interest may exist." *Id.* [3]

The court accepted the OAG's argument—also made here, *see* D.E. 12-1 at 15—that anonymity in this circumstance "is unprotected by the First Amendment" because it could "mask violations of the law." *Id.* (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010)). The court concluded that any remaining concerns could be addressed by the OAG's proposed confidentiality order. *Id.* at 12. These findings bind this Court, contradict VDARE's claim of First Amendment injury, and defeat its retaliation claim. *See, e.g.*, *Trump*, 2002 WL 1718951, at *18; *Exxon Mobil Corp.*, 316 F. Supp. 3d at 710; *Temple of Lost Sheep*, 930 F.2d at

---

[3] VDARE asserts that the OAG has taken inconsistent positions regarding whether it seeks the identities of paid, contributing writers. *See* D.E. 26 at 6. But that is based on a misinterpretation of our prior filing. To be clear, the OAG seeks those identities as part of its investigation into possible self-dealing but does not seek the identity of volunteer contributors. *See* D.E. 15 at 11.

184–85. VDARE's attempt to relitigate these questions, D.E. 26 at 14–15, should be rejected.

### 2. The OAG's investigation is justified.

The state court also conclusively decided that the OAG's investigation has a legitimate purpose, which defeats VDARE's retaliation claim. Analyzing the OAG's investigation, the court found that the OAG's subpoena focuses on subject matter areas within its jurisdiction, D.E. 15 at 9, and that the requests are tailored to "demand the type of material that will permit [the OAG] to determine whether [VDARE] complied with the law," including documents necessary to determine "whether there has been any diversion of charitable assets." *Id.* at 9-10. The court also noted that VDARE admitted "the critical facts that first triggered [the OAG's] scrutiny— Peter Brimelow, [VDARE's] founder and director, and his wife, Lydia Brimelow, also a director used and continue to use a $1.4 million charitable asset as their personal residence." *Id.* at 10-11. These findings, which this Court must accept under res judicata, conclude the inquiry. Once an investigation has been shown to be independently justified, "an inquiry into the underlying motive…need not be undertaken." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001).[4]

### B. VDARE's own admissions defeat its retaliation claim.

Even if the state court's ruling were not binding (and it is), VDARE's concession that the OAG investigation is justified independently defeats its retaliation claim. VDARE repeatedly admits that the OAG has the authority to issue the subpoena at issue. D.E. 26 at 4 ("Precisely because VDARE respects the OAG's broad authority to conduct regulatory oversight as the

---

[4] After failing in state court, VDARE tries to litigate the underlying question of its conduct before this Court. See D.E. 26 at 18–20. VDARE's justifications are premature and beyond the scope of this motion. The investigation is at an early stage, and no claims have been asserted against VDARE. As the state court already found, however, VDARE's protestations do not inspire confidence. Lydia Brimelow signed the "lease" for the Brimelows' residence at the castle as both tenant and landlord—on behalf of her family and a for-profit corporation she controls. *See* D.E. 15 at 11. Rather than diminishing suspicions of self-dealing, those facts amplify them.

8

OAG sees fit, it was complying with its investigative subpoena"), 11 ("Recognizing the OAG's broad discretion to exercise regulatory oversight of charities registered in New York and issue investigative subpoenas…VDARE produced over 6,000 pages of documents"). And VDARE concedes that this particular investigation is justified. *Id.* at 17-18 ("VDARE did not dispute the OAG's discretion to conduct oversight of a charity's purchase of such a property [the Berkeley Springs Castle] and instead addressed the issue in its disclosures"). VDARE cannot admit the investigation is justified then claim that retaliatory animus is the investigation's but-for cause. *See Nieves*, 139 S. Ct. at 1722. Its retaliation claim should be dismissed on that basis alone.

**IV.      All claims under state law and all claims for money damages must be dismissed for lack of jurisdiction.**

As the OAG argued without response from VDARE, the Court does not have jurisdiction to reach VDARE's state law claims. *See, e.g.*, *Alleyne v. N.Y. State Educ. Dep't*, 691 F. Supp. 2d 322, 335 (N.D.N.Y. 2010) ("Sovereign immunity bars state constitutional claims against the state, its agencies, or against its employees in their official capacity, regardless of the relief sought."). But even if the Court did have jurisdiction to hear those claims, they would fail on the merits—as VDARE admits, the standard for a retaliation claim is the same under the state and federal constitutions. D.E. 26 at 8. Likewise, all claims for money damages are also barred by the Eleventh Amendment. *See, e.g.*, *Aron v. Becker*, 48 F. Supp. 3d 347, 366 (N.D.N.Y. 2014).

## CONCLUSION

For the reasons described above, the Court should grant the motion to dismiss.

Dated: March 8, 2023

LETITIA JAMES
Attorney General for the State of New York
*Attorney for State Defendants*
s/ James G. Sheehan
James G. Sheehan
Bureau Chief, Charities

9