UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

VDARE FOUNDATION, INC.　　　　　　　　　　　Civil Action No. 22-cv-1337 ( FJS/CFH)

　　　　　　　　　　　　　Plaintiff,
　　　　　- against -


LETITIA JAMES, in her official capacity as
Attorney General of the State of
New York,
　　　　　　　　　　　　　Defendant.


------------------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE FOR A TEMPORARY INJUNCTION STAYING THE OFFICE OF THE ATTORNEY GENERAL'S UNCONSTITUTIONAL SUBPOENA**

　　　　　　　　　　　　　　　　　　　　Andrew J. Frisch
　　　　　　　　　　　　　　　　　　　　The Law Offices of Andrew J. Frisch, PLLC
　　　　　　　　　　　　　　　　　　　　40 Fulton Street, 17th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10038
　　　　　　　　　　　　　　　　　　　　(212) 285-8000
　　　　　　　　　　　　　　　　　　　　*afrisch@andrewfrisch.com*

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

VDARE FOUNDATION, INC.

                            Plaintiff,           Civil Action No: 1:22-cv-1337 (FJS/CFH)

                          - against -

LETITIA JAMES, in her official capacity
as Attorney General of the State of New York,

                            Defendant.

------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE FOR A TEMPORARY INJUNCTION STAYING THE OFFICE OF THE ATTORNEY GENERAL'S UNCONSTITUTIONAL SUBPOENA**

This Memorandum of Law is submitted in support of an accompanying order to show cause proposed by Plaintiff VDARE Foundation, Inc. ("VDARE"), seeking a temporary injunction to stay the Office of the Attorney General's (the "OAG") enforcement of its subpoena requiring the immediate production of constitutionally protected information demanded by an investigative subpoena issued by the OAG, pending this Court's resolution of the OAG's motion to dismiss, and if denied, until resolution of this case, notwithstanding the Appellate Division, First Department's Order, dated March 9, 2023 (Docket No. 28), reinstating an order of the Honorable Sabrina Kraus, Justice of the Supreme Court of the State of New York, dated January 23, 2023 (Docket No. 15. Enforcement of the OAG's subpoena would effectively deprive this Court of the ability to review the First Amendment violations raised by VDARE. Precisely because "the very purpose of §1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights" (*Mitchum v. Foster,* 407 U.S. 225, 242 (1972)), immediate injunctive relief is necessary here, lest the Court's review be in vain. Injunctive relief is thus necessary both "in aid of

[the Court's] jurisdiction" and "to protect or effectuate its judgments." *Id*. at 226. Such relief is an expressly authorized exception to the Anti-Injunction Act at 28 U.S.C. § 2283. *Id.* This Memorandum of Law incorporates by reference VDARE's filings in opposition to the OAG's motion to dismiss [Docket Nos. 25-26] as if fully set forth herein.

As VDARE's Memorandum in opposition to the OAG's motion to dismiss explains in greater detail, VDARE's claims of unconstitutional retaliation and unconstitutional demand for identities of its writers (*Talley v California*, 362 US 60, 64-65 (1960)(J.Black) and other contractors without a showing of investigative necessity or narrow tailoring by the OAG (*Ams. for Prosperity Found v Bonta*, 141 S Ct. 2373, 2384 (2021) warrants an injunction notwithstanding the Appellate Division, First Department's reinstatement of Justice Kraus' January 23 Order. An injunction will not interfere with any state court proceeding or contravene any state court's judicial functions, as might otherwise be required to justify a federal court's refusal to decide a case in deference to a state. *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989).

Absent federal intervention, VDARE will be forced to disclose constitutionally protected information in violation of its federal and state constitutional rights to free speech and association. Compelled disclosure is "likely to affect adversely the ability" of VDARE to publish and attempt to persuade others of its mission and will certainly "dissuade others from joining it because of fear of exposure of their beliefs shown through their associations and of the consequences of this exposure." *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 461-63 (1958) ("an uncontroverted showing that on past occasions revelation of the identity of its rank-and-file members has exposed these members to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility.") VDARE is a small organization with few writers, so not only does the burden of the compelled disclosures threaten its existence, but with each contractor and writer being so important to its small footprint, any loss of services as a result of compelled demands or the attendant chilling effect has an outsized impact.

Once the identities of its contractors are disclosed, the proverbial genie will be out of the bottle, and such disclosure cannot be undone. Hence, VDARE will be irreversibly and irreparably harmed by the state court's ordered disclosure.

Additionally, the equities tip in favor of issuance a federal injunction as VDARE's claim of irreparable harm is underscored by the OAG's bad faith and chicanery in taking inconsistent positions in the two forums.[1]

**Recent Developments in State Court**

On December 12, 2022, VDARE initiated this action against the OAG for declaratory and injunctive relief to protect its ability to continue to do business and its rights of free speech and association guaranteed by the federal and state constitutions. Docket Nos. 1-2. On January 18, 2023, the OAG moved to dismiss this action. Docket No. 12. As of March 8, 2023, the OAG's motion to dismiss was fully briefed.

On December 14, 2022, two days after VDARE initiated this action, the OAG initiated a parallel special proceeding in state court to compel VDARE's compliance with the OAG's investigative subpoena (the OAG's petition in state court is attached as Exhibit C to its motion to dismiss, Docket No. 12-3). *See James v. VDARE Foundation, Inc.*, N.Y. County Index No. 453196/2022. VDARE responded to the OAG's petition in state court by moving to stay the newly-filed proceeding based on New York's "first-filed" rule pending resolution of this federal action or at least until decision on the OAG's motion to dismiss this action. See *Ace Prop. & Cas. Ins. Co. v. Fed.-Mogul Corp.*, 55 A.D.3d 479, 480 (1st Dep't 2008) (New York's well-settled "first-filed" rule requires that the "court which has first taken jurisdiction is the one in which the matter should be determined, and it is a violation of the rules of comity to interfere.").

---

[1] Undersigned counsel is currently on trial in the Eastern District of New York before the Honorable Ann M. Donnelly. Because of counsel's ongoing trial and the timing of the Appellate Division's reinstatement of Justice Kraus's order, counsel outsourced the drafting of these papers in support of an injunction and reviewed them before filing. To the extent the Court schedules an appearance on this application in the Northern District of New York or via Teams, counsel respectfully requests that it do so on or after March 29, 2023, by when counsel's trial is expected to conclude or permit him an opportunity to ask Judge Donnelly to schedule a break to accommodate an appearance of this application.

VDARE otherwise opposed the OAG's demand that it discloses information protected by the constitutional rights to free speech and association.

On January 23, 2023, the state court denied VDARE's motion for a stay and granted the OAG's motion to compel. Docket No. 15 (the OAG's filing in this Court of the state court's order). On February 8, 2023, on application by VDARE, the Appellate Division, First Department, stayed the state court's order of January 23, 2023, pending further briefing and decision. Docket No. 25, Exhibit 18). The OAG's opposition was filed by February 22, 2023, and VDARE's reply was filed on February 27, 2023.

On March 9, 2023, the Appellate Division, First Department issued a perfunctory one-page decision and order lifting the stay and in effect, reinstating Judge Kraus's order, requiring VDARE to produce information protected from disclosure by the First Amendment, rendering this Court's jurisdiction to protect constitutionally-protected speech a nullity. Docket No. 28 (the OAG's filing of the Appellate Division's order). The Appellate Division's order was entered on March 10, 2023.

### The Federal Court Has Authority to Enjoin the OAG's unconstitutional actions, notwithstanding the State Court Proceedings.

While the state court has ordered VDARE to comply with the OAG's unconstitutional demands, the state court made no substantive ruling which would require abstention. "The pendency of an action in a state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist .v. United States*, 424 U.S. 800, 817 (1976) (internal quotations and brackets omitted.). "Only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). These exceptional circumstances include "federal intrusion into ongoing state criminal prosecutions", "civil enforcement proceedings", and "certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013)

(internal quotations omitted).)

The procedural posture and factual issues in this case are nearly identical to that of *Smith & Wesson Brands, Inc. v. Attorney General of New Jersey*, 27 F.4th 886 (3d Cir. 2022). In that case, the Attorney General of New Jersey ("NJAG") subpoenaed documents from Smith & Wesson, a gun manufacturer. "Instead of producing the documents when due under the subpoena, Smith & Wesson filed a complaint in the District of New Jersey under 42 U.S.C. § 1983, alleging the subpoena violated the First, Second, Fourth, Fifth, and Fourteenth Amendments." After Smith & Wesson filed the federal suit, the NJAG initiated a parallel state court proceeding and "sought to enforce the subpoena in state court." *Id.* at 889-90. Like VDARE, Smith & Wesson was forced to raise "many of the same constitutional arguments it [had] presented in its federal suit" in the parallel state court proceeding. Again, like VDARE, both the state trial and appellate courts rejected them and required production.

Viewing the state court rulings as a *fait accompli*, a district judge in New Jersey ruled to abstain, but the Third Circuit reversed. The NJAG raised numerous abstention arguments, but the Third Circuit held that abstention was not warranted. As with VDARE, the case did not involve a criminal proceeding nor was it quasi-criminal. The Third Circuit held that it was not a "civil enforcement proceeding" because the proceeding was not "initiated to sanction the federal plaintiff for some wrongful act." *Id.* at 891 (quoting *Sprint*, 571 U.S. at 79–80). Smith & Wesson was being investigated by the NJAG for wrongdoing, but had not charged it with anything, and it had not violated any subpoena-related court order.

The Third Circuit also held that, because "when Smith & Wesson went to federal court there was much more for the state court to do than merely implement a predetermined outcome," and Smith & Wesson never disobeyed a state court order, an injunction did not interfere with a state court's judicial functions. *Id.* at 894. The same logic should apply here. Like Smith & Wesson, VDARE filed constitutional and Section 1983 challenge to a subpoena issued by a state attorney

6

general subpoena prior to the state attorney general filing a parallel state court proceeding to compel. In both cases, the state courts ruled prior to the federal ruling, and now VDARE is seeking similar injunction relief.

In *Trump v. James*, No. 1:21-CV-1352-BKSCFH, 2022 WL 1718951, at *9 (N.D.N.Y. May 27, 2022), this Court endorsed the reasoning in *Smith and Wesson* as "instructive." *Trump* emphasized that the Third Circuit focused on how "the subpoena enforcement action was not initiated to sanction Smith & Wesson because it was 'not a suit initiated to punish wrongdoing,'" and that "[t]he Attorney General did not allege that Smith & Wesson violated any substantive legal duty' but only sought compliance with a non-self-executing subpoena, and Smith & Wesson would be subject to penalties only after violating a court order ordering compliance with the subpoena." *Id.* at 9 (citing *Smith & Wesson*, 27 F.4th at 892-93).

While endorsing the holding, the Court in *Trump* made factual distinctions from Smith & Wesson in that the "numerous orders, is 'more robust' than the single-subpoena." *Id.* In the present case like *Smith and Wesson* and unlike *Trump*, there is only a single order concerning single subpoena. More importantly, in *Trump* the state court had issued a contempt order, and thus granting an injunction would have had the practical effect of interfering with the contempt ruling. *Id.* at *11. Again, like *Smith & Wesson* and unlike *Trump*, VDARE has not been charged with contempt or any wrongdoing by any state court.

**VDARE is Likely to Succeed on the Merits**

As detailed above, the OAG subpoena seeks, with no limitations, the identity of contractors for VDARE including anonymous writers. Long established First Amendment precedent establishes the right to associate with a group for "advocacy of both public and private points of view, particularly controversial ones." *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 460 (1958) (emphasis added). This right is infringed when the identities of anonymous members of a controversial group are sought through a government subpoena. *See id.* at 462 (order requiring

association to produce membership list interfered with First Amendment freedom of association).

Imposing on "associational rights" . . . "cannot be justified on the ground that the regime is narrowly tailored to investigating charitable wrongdoing." *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2389 (2021).

Subpoenas which could have a " a chilling effect on its associations with its employees and potential clients" by breaking anonymity are invalid. See, e.g., *Evergreen Ass'n, Inc. v. Schneiderman*, 153 A.D.3d 87, 100 (2017). See also *Brown v. Socialist Workers '74 Committee (Ohio)*, 459 U.S. 87, 96 (1982) ("Even individuals who receive disbursements for 'merely' commercial transactions may be deterred by the public enmity attending publicity, and those seeking to harass may disrupt commercial activities on the basis of expenditure information. Because an individual who enters into a transaction with a minor party purely for commercial reasons lacks any ideological commitment to the party, such an individual may well be deterred from providing services by even a small risk of harassment.")

The risk of harassment is especially present with organizations which have espouse controversial views such as VDARE. Many writers have faced career and reputational harm for writing for the website.[2] Similarly, vendors who have engaged in business with VDARE have faced harassment.[3]

It is true that anonymity cannot be used to mask violations of the law. See, e.g., *Arista Records, LLC v. Doe 3*, 604 F. 3d 110, 119 (2d. Cir.2010) ("[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment."). However, none of VDARE's contractors and writers are accused of any violations of the law. Moreover, to the extent that anonymity is restricted in such cases, the courts

---

[2] See, e.g., New York Times drops Razib Khan, Politico (Mar. 19, 2015) https://www.politico.com/blogs/media/2015/03/new-york-times-drops-razib-khan-204287 (noting NY Times blogger was fired in part for having written a letter to the editor to VDARE).

[3] White nationalist group has conference cancelled in Oro Valley, Tucson Local Media (Oct. 24, 2017) https://www.tucsonlocalmedia.com/business/article_611806ca-b8e6-11e7-a7d2-870df31cc290.html (noting hotel broke contract with VDARE after negative media attention)

must "balance" the state interest against such anonymity. *Id. at 114.* The OAG has rejected all of VDARE's offer's such as in camera reviews or asking about specific transactions.

Given the overwhelming precedent supporting anonymous speech and association, and the OAG's failure to accept any reasonable attempts to even balance those rights, VDARE will likely succeed on its First Amendment challenge.

### VDARE'S Strong Showing of Irreparable Harm if forced to Comply with Judge Kraus's Order

The Second Circuit requires a plaintiff seeking a preliminary injunction to prove four elements: (1) a likelihood of irreparable harm; (2) either a likelihood of success on the merits or sufficiently serious questions as to the merits plus a balance of hardships that tips decidedly in [the movant's] favor; (3) that the balance of hardships tips in [the movant's] favor regardless of the likelihood of success; and (4) that an injunction is in the public interest. *Chobani, LLC v. Dannon Co., 157 F. Supp. 3d 190, 199 (N.D.N.Y. 2016)* (analyzing changes to Second Circuit preliminary injunction standard and comparing existing standards). *See also Page v. Cuomo*, 478 F. Supp. 3d 355, 362–63 (N.D.N.Y. 2020)).

"Irreparable harm is 'injury for which a monetary award cannot be adequate compensation.'" *Int'l Dairy Foods Ass'n v. Amestoy*, 92 F.3d 67, 71 (2d Cir. 1996) (citation omitted). Further, "[i]n cases alleging constitutional injury, a strong showing of a constitutional deprivation that results in non-compensable damages ordinarily warrants a finding of irreparable harm." *A.H. by and through Hester v. French*, 985 F.3d 165, 176 (2d Cir. 2021) 985 F.3d at 176. Even an ephemeral constitutional violation causes irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *French,* 985 F.3d at 184 (quoting *Int'l Dairy Foods Ass'n*, 92 F.3d at 71) ("The denial of a constitutional right ordinarily warrants a finding of irreparable harm, even when the violation persists for 'minimal periods."); *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984)

("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.")

Federal courts must exercise jurisdiction "upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Diamond "D" Constr. Corp. v. McGowan,* 282 F.3d 191, 198 (2d Cir. 2002) (quoting *Younger,* 401 U.S. at 54). "A showing of bad faith or harassment establishes irreparable injury for the purposes of the Younger doctrine." *Cullen v. Fliegner*, 18 F.3d 96, 104 (2d Cir. 1994) (internal citations omitted). Here, the OAG's gamesmanship in both the state court proceedings and this federal action is more than sufficient to establish irreparable harm.

For example, the OAG represented to this Court in its motion to dismiss this case that its subpoena to VDARE does "*not* seek any information regarding the development or publication of VDARE's online content." [viz. the identity of VDARE's writers]. *See* Docket No. 12-1 at 8-9 (emphasis in original). Simultaneously, the OAG took the contrary and constitutionally offensive position in state court that "the identities of contractors - - including writers who contribute to the website - - these are precisely the records the OAG must examine in its investigation of VDARE's organizational misconduct." *See* Docket No. 25, Exhibit 14 at 16. Apart from taking contradictory positions in two different courts, the OAG's purported rationale for the demanded disclosure does not fit its rationale: a vendor's provision of services to VDARE and a writer's provision of content to VDARE's website have no connection to any legitimate investigative need.

In other words, the OAG's failure even to attempt to harmonize these simultaneously opposite positions in two courts undermines the OAG's claim that VDARE's concerns are manufactured with no genuine concern of irreparable harm: the OAG would not assure this Court that disclosure of such information is not required by the subpoena unless it fully appreciates the irreparable constitutional harm that would flow from its demanded disclosures. As for other contractors whose identities are demanded, the OAG simultaneously disparages VDARE's claim of irreparable constitutional harm

10

while declining to dispute that multiple contractors have terminated their relationships with VDARE because of their fear of retaliation from association with it - - underscored last month by public comments in the Washington Post abusing and threatening neighbors of VDARE's principals because they expressed favorable opinions of them. Even then, VDARE has not claimed that its constitutional concerns about content providers and contractors could never yield to investigatory oversight, just that more is required than a subpoena's broad investigative demand.

Also troubling was that the OAG argued in the First Department that VDARE's application for a stay should be denied because VDARE's federal action and the proceeding in Supreme Court below are not the "same cause of action." Frisch Affirmation, Exhibit A at 18. The OAG so argues while simultaneously invoking *res judicata* in arguing in this Court that VDARE's federal complaint should be dismissed because the two laws "[p]resent . . . the same arguments and documentary record." *VDARE Foundation, Inc. v. James*, 1:22-cv-01337, Docket 15 at 1-2. The OAG sought and obtained VDARE's consent to an extension of time to respond to VDARE's complaint in federal court, citing holidays in December and an illness to one of its attorneys, without disclosing that it had filed an order to show cause in Supreme Court the week before, and is now using the Supreme Court's subsequently-obtained order of compulsion (the order from which VDARE here appeals) as a basis *for res judicata* in federal court [*see* Docker No. 15, 1-2], despite arguing in this Court that the two actions are not the same. Frisch Affirmation, Exh. A at 18.

The OAG has thereby cherry-picked which of New York's tandem of protocols for dueling actions between the same parties - - New York's first-filed rule and res judicata - - it wishes to respect. In urging application of *res judicata* in this Court, the OAG glossed over the doctrine's application to "previous" actions [*see, e.g.*, *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)] and the effect of "prior" actions [*Gherardi v. State of New York*, 161 Fed. Appx. 60, 61 (2d Cir. 2005)], precisely because VDARE's action came first. The OAG in this Court essentially interpreted New York law on *res judicata* as encouraging litigants to race to initiate new litigation to

11

obtain the first ruling.  The OAG has cited no case condoning such unseemly gamesmanship, and, in fact, the law - - and principles of comity - - are to the contrary.  *See, e.g.*, *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 97 (2d Cir. 2023) (courts should ask "whether the proposed remedy is being used merely for procedural fencing or a race to res judicata"); *F.T.C. v. Garvey*, 383 F.3d 891, 900 (9th Cir. 2004) ("applying res judicata here would likely reward gamesmanship"); *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981) (**res judicata** is designed "to prevent serial forum-shopping"); *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), abrogated on unrelated grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ("The rule favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience, is supported by reasons just as valid when applies to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits." (Internal citations and quotations omitted) (emphasis added).  It is a daring feat of advocacy for the OAG to argue in state court that VDARE's federal action and the proceeding in Supreme Court are not the "same cause of action" [Frisch Declaration, Exh. A at 18], while simultaneously invoking *res judicata* in support of dismissal here.

And yet despite the OAG's gamesmanship, the state court inexplicably deferred to the OAG and cursorily rejected VDARE's constitutionally based objections to disclosure.  The state courts have never required the narrow tailoring mandated by *Bonta*, nor have they required the OAG to explain why the alleged legitimate basis for investigation mandated the disclosure of the identities or writers or contractors, let alone *require* immediate disclosure of all of them.  As Justice Stewart observed, §1983 is necessary because sometimes,"…[J]udges, having ears to hear, hear not" and the plain fact of the matter is that state officers are sometimes "antipathetic to the vindication of" federal rights, failings which are often "extended to the state courts." *Mitchum v. Foster* at 241-242.

VDARE has turned to the courts for protection precisely because elected officials are not always the best guardians of our freedoms, and because of politically-charged challenges to speech. The question before this Court is not whether the OAG has a theoretical basis to conduct regulatory oversight of a charity, but whether the OAG is wholly or substantially targeting VDARE because of its speech and demanding protected information in a politically-charged environment without narrow tailoring or a specific showing of need. See *Evergreen Assn.*, 153 A.D.3d at 87 (citing *Shelton v. Tucker*, 364 U.S. 478, 488 (1960)) (the Attorney General's legitimate investigative purpose "cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved," and applying strict scrutiny where compliance with the OAG's subpoena would "have a chilling effect on [the group's associations with its employees and potential clients" as well as at least one hospital).

## Conclusion

For all of these reasons, and as explained in the accompanying Affirmation, this Court should stay the OAG's enforcement of its subpoena, notwithstanding the Appellate Division, First Department's Order pending resolution of VDARE's first-filed federal case.

Dated: March 21, 2023

                                      Respectfully submitted,

                                      /s/ Andrew J. Frisch
                                      Andrew J. Frisch
                                      The Law Offices of Andrew J. Frisch,
                                      PLLC 40 Fulton Street, 17th Floor
                                      New York, New York 10038
                                      (212) 285-8000
                                      afrisch@andrewfrisch.com