UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VDARE FOUNDATION, INC.,

          Plaintiff,

   -vs-

LETITIA JAMES, in her official capacity as
Attorney General of the State of New York,

          Defendant.
_____

22-cv-1337 (FJS/CFH)


# DEFENDANT'S OPPOSITION
# TO PLAINTIFF'S EMERGENCY MOTION
# FOR A PRELIMINARY INJUNCTION


**LETITIA JAMES**
New York State Attorney General
28 Liberty St. New York, NY 10005

By:

    JAMES SHEEHAN
    Assistant Attorney General
    NDNY Attorney Bar Roll # 516406
    YAEL FUCHS
    Assistant Attorney General
    NDNY Attorney Bar Roll # 702160
    RICK SAWYER*
    Special Counsel, Civil Rights Bureau

    *Appearing pro hac vice

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY ....................................................... 2

STANDARD OF REVIEW ................................................................................................. 4

    I.        VDARE cannot show irreparable harm. ................................................................. 5

    II.       VDARE will not prevail on the merits. .................................................................. 8

    III.      The public interest favors denial of a preliminary injunction where a state court has already compelled compliance with an ongoing investigation. .................................................. 12

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

*Allah v. Latona*, No. 6:16-cv-6596 EAW, 2019 WL 13194187 (W.D.N.Y. Apr. 11, 2019).......... 5

*Americans for Prosperity v. Bonta*, 141 S. Ct. 2373 (2021) ........................................................ 13

*Brown v. Socialist Workers '74 Campaign Comm.*, 459 U.S. 87 (1982).................................... 6, 7

*Chandler v. Graham*, No. 9:16-cv-0348 (DNH/ATB), 2016 WL 4411407 (N.D.N.Y. Aug. 19, 2016) ........................................................................................................................................ 5

*Citibank, N.A. v. Citytrust*, 756 F.2d 273 (2d Cir. 1985)............................................................... 7

*Curley v. Village of Suffern*, 268 F.3d 65 (2d Cir. 2001).............................................................. 9

*Evergreen Ass'n, Inc. v. Schneiderman*, 153 A.D.3d 87 (2d Dep't 2017).................................. 13

*Exxon Mobil Corp. v. Healey*, 28 F.4th 383 (2d Cir. 2022)................................................... 12, 13

*Forte v. Kanekia Am. Corp.*, 110 A.D.2d 81 (2d Dep't 1985) ...................................................... 9

*Majorica, S.A. v. R.H. Macy & Co., Inc.*, 762 F.2d 7 (2d Cir. 1985) ............................................ 8

*Mohamad v. Rajoub*, 767 F. App'x 91 (2d Cir. 2019)............................................................. 9, 13

*Monowise Ltd. Corp. v. Ozy Media, Inc.*, No. 17-cv-8028 (JMF), 2018 WL 2089342 (S.D.N.Y. May 3, 2018)............................................................................................................................. 8

*Monserrate v. New York State Senate*, 599 F.3d 148 (2d Cir. 2010)............................................ 4

*Mullins v. City of New York*, 307 F. App'x 585 (2d Cir. 2009)...................................................... 5

*Nieves v. Bartlett*, 139 S. Ct. 1715 (2019) .................................................................................. 10

*Nken v. Holder*, 556 U.S. 418 (2009) ........................................................................................... 4

*Purdie v. Supervisor, Admin. Mail Room, Auburn Corr. Facility*, No. 9:09-cv-951 (FJS/ATB), 2010 WL 148639 (N.D.N.Y. Jan. 13, 2010)......................................................................... 4, 5

*SAM Party of N.Y. v. Kosinski*, 987 F.3d 267 (2d Cir. 2021) ..................................................... 12

*Scarbrough v. Evans*, No. 9:09-cv-0850 (NAM) (DEP), 2010 WL 1608950 (N.D.N.Y. Apr. 20, 2010) ........................................................................................................................................ 5

*Sciangula v. Montegut*, 165 A.D.3d 1188 (2d Dep't 2018)......................................................... 13

*Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110 (2d Cir. 1995) .............................................................. 9

*Smith & Wesson Brands, Inc. v. Grewal*, No. 20-cv-19047 (EP) (ESK), 2022 WL 17959579 (D.N.J. Dec. 27, 2022) ................................................................................................................ 12

*Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 27 F.4th 886 (3d Cir. 2022) ............. 11

*The Plaza PH2001 LLC v. Plaza Residential Owner LP*, 98 A.D.3d 89 (1st Dep't 2012) ............ 9

*Trump v. James*, No. 1:21-cv-1352 (BKS/CFH), 2022 WL 1718951 (N.D.N.Y. May 27, 2022) ................................................................................................................................... passim

*U.S. Bank, N.A. v. Deshuk-Flores*, 163 A.D.3d 603 (2d Dep't 2018) .......................................... 13

*Virag v. Hynes*, 54 N.Y.2d 437 (1981) ........................................................................................ 13

*Winter v. NRDC, Inc.*, 555 U.S. 7 (2008) ...................................................................................... 4

## INTRODUCTION

Plaintiff VDARE Foundation has asked this Court for the extraordinary remedy of a preliminary injunction to halt a state-court-ordered document production after *twice* seeking and failing to obtain that same relief from the state courts. To meet its burden of proof, VDARE was required to develop a factual record by testimony or sworn affidavits. But VDARE has not presented *any* evidence beyond a single irrelevant attorney affirmation concerning public filings attached to his motion.

VDARE has therefore failed to meet its burden of showing irreparable harm. Already, VDARE has produced thousands of pages of documents revealing some of the very information it now claims will lead to injury. Yet, despite that history, VDARE has not come forward with a single affidavit or document showing that subpoena compliance has caused the harm it describes or that compliance with the state-court production order will cause future injury. VDARE delayed for months before filing this preliminary injunction motion and failed to move for emergency relief even after several rounds of briefing in state and federal court. As this long delay indicates, VDARE cannot establish any imminent, irreparable harm that would require a preliminary injunction. Both VDARE's failure to meet its evidentiary burden and its delay are independently fatal to its claim of irreparable harm.

VDARE's motion also fails to meet the other two requirements for a preliminary injunction—likelihood of success on the merits and advancing the public interest. VDARE's First Amendment retaliation lawsuit is meritless, precluded by res judicata, and foreclosed by VDARE's own admissions that the OAG's investigation was justified. And the public interest will be served by allowing the OAG to conclude its investigation into VDARE's possible misuse of charitable assets and by respecting the principles of res judicata.

## BACKGROUND AND PROCEDURAL HISTORY

On June 23, 2022, the OAG served an investigative subpoena on VDARE, a New York-chartered nonprofit, as part of an investigation into VDARE's possible misuse of charitable assets. Fuchs Aff. at ¶ 7. The OAG's investigation began after public reporting revealed that VDARE spent $1.4 million in charitable funds on a medieval-style castle, provided the castle as a residence to its chairman Peter Brimelow and his wife, Lydia Brimelow (also a director), and conveyed the castle property to two shell corporations controlled by the Brimelows. *Id.* at ¶ 4, 6. The OAG then discovered further irregularities in VDARE's publicly reported financial information and inaccuracies and delinquencies in public filings with the OAG's Charities Bureau. *Id.* at 5, 6. Such conduct, if confirmed, would constitute serious violations of New York law. *Id.* at 4–6.

VDARE initially refused to comply with the OAG's subpoena. By September 2022, however, it agreed to a rolling production of responsive documents. Fuchs Aff., Ex. C. By December 2022, VDARE had produced approximately 6,000 pages of haphazardly redacted documents revealing the identities of many of its vendors. Fuchs Aff. at ¶ 9. After numerous delays, VDARE agreed to finish its production by December 12, 2022. Fuchs Aff., Ex. D. The OAG requested that VDARE keep its promise by completing production by that date and asked that VDARE produce a redaction log accounting for its unexplained redactions. Fuchs Aff., Ex. E. The OAG warned that VDARE's failure to meet those obligations would cause the OAG to petition New York Supreme Court for an order compelling subpoena compliance. *Id.*

On December 12, 2022, rather than complete its subpoena obligations, VDARE filed a complaint in this Court. D.E. 1 (Compl.). Despite pleading a claim for a preliminary injunction, it took no steps to move for emergency protection. VDARE admitted in its complaint that it had

2

been partially complying with the Attorney General's subpoena since August 2022, producing 6,000 pages of material, and asserted its "desire to make as robust a production as possible." *Id.* at ¶¶ 25, 27.

On December 16, four days after VDARE sued, the Attorney General petitioned New York Supreme Court to compel VDARE's compliance with the subpoena. Fuchs Aff., Ex. F. VDARE again took no action to seek preliminary relief in this Court, a fact it confirmed when questioned by Justice Sabrina Kraus at oral argument. Fuchs Aff., Ex. G at 24:12–21. On January 23, 2023, Justice Kraus denied VDARE's request to stay or dismiss the state action and ruled in the Attorney General's favor on all issues, directing VDARE to complete production of all outstanding material by February 24, 2023. Fuchs Aff., Ex. H. The New York Supreme Court proposed that VDARE agree to a protective order governing subpoena disclosure, and the OAG drafted and filed a proposed order. *Id.* at 10; Fuchs Aff., Ex. H. VDARE did not enter into the protective order and took no action to seek a preliminary injunction in this Court. Fuchs Aff. at ¶ 15.

On February 7, 2023, VDARE applied to the Appellate Division, First Department, for an emergency stay pending appeal. Fuchs Aff., Ex. J. The OAG opposed, arguing that VDARE had failed to put forward any evidence of irreparable harm and that it was unlikely to succeed on the merits. Fuchs Aff., Ex. K. The OAG emphasized that a stay would prolong the OAG's already delayed investigation by months, to the detriment of the public interest in expeditious investigations and in ensuring compliance with New York law. *Id.* at 36–37. On March 9, the Appellate Division denied VDARE's stay request. Fuchs Aff., Ex. L. Since then, VDARE has taken no steps to perfect its appeal and is in violation of the Supreme Court order compelling production by February 24. Fuchs Aff., Ex. G at 10.

While the state court petition remained pending, on January 18, 2023, the OAG moved to dismiss VDARE's complaint in this Court. D.E. 12. VDARE opposed the motion on February 22, once again taking no steps to obtain preliminary relief from this Court. On March 8, 2023, one day before the Appellate Division denied VDARE's state stay motion, the OAG filed its Reply in this Court identifying a new, separate basis for dismissal of VDARE's federal claims: the state court already considered and rejected the same constitutional arguments VDARE raises here, requiring dismissal on res judicata grounds. *See* D.E. 27. Less than a year ago, this Court dismissed nearly identical First Amendment claims on just those grounds *See Trump v. James*, No. 1:21-cv-1352 (BKS/CFH), 2022 WL 1718951, at *16–19 (N.D.N.Y. May 27, 2022).

Ignoring two separate rulings in the state action that have examined and rejected its claim of irreparable constitutional harm, on March 21, VDARE asked this Court for a preliminary injunction sanctioning its ongoing defiance of a New York Supreme Court compliance order.

## STANDARD OF REVIEW

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Monserrate v. New York State Senate*, 599 F.3d 148, 154 (2d Cir. 2010). The movant bears the burden of establishing that (a) it is likely to succeed on the merits; (b) it is likely to suffer irreparable harm in the absence of preliminary relief; (c) the balance of equities tips in its favor; and (d) an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). The final two factors—the balance of the equities and the public interest "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The movant must meet its burden with evidence—mere allegations "are not sufficient to entitle [the movant] to preliminary injunctive relief." *Purdie v. Supervisor, Admin. Mail Room, Auburn Corr. Facility*, No. 9:09-cv-951 (FJS/ATB), 2010 WL 148639, at *4 (N.D.N.Y. Jan. 13, 2010).

4

## I.   **VDARE cannot show irreparable harm.**

VDARE has not put forth *any* evidence that complying with the OAG's subpoena will cause irreparable harm. In connection with this motion, it has not submitted a single affidavit, document, or anything beyond bare allegations to support such an argument. That failure alone justifies denying this motion. *See, e.g.*, *Purdie*, 2010 WL 148639, at \*4; *Allah v. Latona*, No. 6:16-cv-6596 EAW, 2019 WL 13194187, at \*4 (W.D.N.Y. Apr. 11, 2019) ("Because the Court finds that Plaintiff has not supported his request for preliminary injunctive relief with proper evidence, his motion for a preliminary injunction is denied."); *Chandler v. Graham*, No. 9:16-cv-0348 (DNH/ATB), 2016 WL 4411407, at \*2 (N.D.N.Y. Aug. 19, 2016) (denying preliminary injunction where plaintiff "failed to substantiate any allegations of irreparable harm with evidence"); *Scarbrough v. Evans*, No. 9:09-cv-0850 (NAM) (DEP), 2010 WL 1608950, at \*3 (N.D.N.Y. Apr. 20, 2010) (denying preliminary injunction because "Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief").

It is not sufficient, as VDARE assumes, to rely on mere allegations of a First Amendment injury to show irreparable harm. *See* D.E. 30 at 9. The Second Circuit has held that, while a presumption of harm may be acceptable in *some* First Amendment suits, such a presumption is proper only where "a rule or regulation *directly* limits speech," such as by placing an impermissible prior restraint on a speaker. *Mullins v. City of New York*, 307 F. App'x 585, 587 (2d Cir. 2009) (cleaned up). By contrast, "where a plaintiff alleges injury from an action that may only potentially affect speech, the plaintiff must establish a causal link between the injunction sought and the alleged injury." *Id.* (cleaned up). VDARE has not alleged prior restraint on its speech *or* associational

rights—it must therefore come forward with evidence proving a connection between the OAG's subpoena and any purported harm.

VDARE has failed to meet that burden. Citing the "public enmity attending publicity" found by the Supreme Court in *Brown v. Socialist Workers '74 Campaign Comm.*, 459 U.S. 87, 96 (1982), VDARE's motion claims that its vendors will face a "risk of harassment" if it complies with the OAG's subpoena. D.E. 30 at 8. But VDARE does not present any evidence sufficient to meet the threshold in *Brown* of establishing a "reasonable probability" that disclosing vendors' identities "will subject them to threats, harassment, or reprisals from either Government officials or third parties." *Brown*, 459 U.S. at 93, 101–02. VDARE's motion cites two isolated news articles as examples of retribution against its contractors, D.E. 30 at 8, but neither example comes close to proving that VDARE suffered any injury due to government reprisal or public animosity toward VDARE's First Amendment associational rights.[1] As VDARE has admitted elsewhere, many contractors refuse VDARE service based on "disagreement with VDARE's views"—i.e., the contractors' *own* exercise of First Amendment rights—not

---

[1] In VDARE's first example, D.E. 30 at 9 n.2, the New York Times fired Razib Khan as a regular contributor based on concerns about his "full body of work," not his affiliation with VDARE, and even invited him to continue submitting Op-Ed pieces notwithstanding that alleged affiliation. *See* Gawker, The New York Times *Terminates Contract With Razib Kahn* (March 19, 2015), https://tktk.gawker.com/the-new-york-times-terminates-contract-with-razib-khan-1692542060 (last visited April 10, 2023). In VDARE's second example, D.E. 30 at 9 n.3, a hotel cancelled VDARE's conference to protect the "safety and security of [its] guests and employees." *See* Tucson Local Media, *White nationalist group has conference cancelled in Oro Valley* (Oct. 24, 2017), https://www.tucsonlocalmedia.com/business/article_611806ca-b8e6-11e7-a7d2-870df31cc290.html (last visited April 10, 2023). The hotel's decision came two months after a similar gathering in Charlottesville turned deadly. *See, e.g.*, New York Times, *Man charged after white nationalist rally in Charlottesville ends in violence* (Aug. 12, 2017), https://www.nytimes.com/2017/08/12/us/charlottesville-protest-white-nationalist.html (last visited April 10, 2023). Neither example establishes public animosity toward VDARE as the cause for any harm.

6

any fear of associating with the organization. Fuchs Aff., Ex. M at ¶ 9.

VDARE also fails to explain how subpoena compliance will even cause the kind of publicity it fears. The OAG seeks certain vendor data as part of its lawful investigation into VDARE's compliance with New York's laws governing charitable assets—not to publicize that information in the kind of public database decried in *Brown*. *See Brown*, 459 U.S. at 90 (describing Ohio statute's requirement of keeping names and addresses of political party contributors and vendors "open to public inspection for at least six years"). VDARE itself admits that gathering such information can be appropriate for an investigation like the one the OAG is conducting. *See* D.E. 30 at 11. Any residual fear that vendor identities will be improperly disclosed can be resolved by the agreed protective order the OAG has proposed in state court. Fuchs Aff., Ex. I. VDARE's claim to First Amendment injury is therefore wholly speculative.

Nor has VDARE asserted or established that its partial subpoena compliance has caused any injury. Since September 2022, VDARE has produced over 6,000 pages of haphazardly redacted documents for the OAG's review. Those documents include the names and addresses of numerous vendors, and yet plaintiffs have made no record of any harm to any of those entities. Fuchs Aff. at ¶ 9. Had VDARE any real concern about irreparable harm, it should have sought preliminary relief well before disclosing such information.

VDARE's delay in seeking a preliminary injunction independently justifies denying this motion. Because a preliminary injunction is predicated on the need for immediate court intervention, the Second Circuit has repeatedly held that "delay alone may justify denial." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985); *see*

7

*also Majorica, S.A. v. R.H. Macy & Co., Inc.*, 762 F.2d 7, 8 (2d Cir. 1985) ("Lack of diligence, standing alone, may…preclude the granting of preliminary injunctive relief, because it goes primarily to the issue of irreparable harm."); *Monowise Ltd. Corp. v. Ozy Media, Inc.*, No. 17-cv-8028 (JMF), 2018 WL 2089342, at *2 (S.D.N.Y. May 3, 2018) (observing "courts in this Circuit typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months" and collecting cases (cleaned up)).

The OAG served its subpoena in June 2022. If its concerns were real, VDARE should have sought emergency relief as soon as service was complete, but instead it partially complied with the subpoena and disclosed 6,000 pages of documents, including many vendor identities. It could have moved for this Court's protection on December 12, 2022, when it filed this action, or four days later, when the OAG petitioned state court to compel compliance. Instead, VDARE took its chances in state court, where it twice lost its bid for a preliminary injunction. Its belated effort to ask this Court to revisit those decisions, after sitting on its rights for months, cannot justify emergency intervention.

**II.    VDARE will not prevail on the merits.**

As described in the OAG's fully briefed motion to dismiss, VDARE's only legal claim—First Amendment retaliation—is definitively precluded by res judicata, foreclosed by VDARE's own admissions, and substantively baseless. *See* D.E. 12-1; D.E. 27 at 6–10. VDARE has no response to those arguments and cannot show a likelihood of success on the merits.

The state court has already ruled against VDARE on each of the dispositive issues in this case. For VDARE to prevail on its retaliation claim, it must show that unlawful First Amendment retaliation was the but-for cause of the OAG's subpoena. *See, e.g.*,

8

*Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001) (holding that once good cause for an investigation has been established "an inquiry into the underlying motive…need not be undertaken"); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 120 (2d Cir. 1995) (similar). The state court, however, has already found that VDARE has *not* established any First Amendment injury from the subpoena and that the OAG's investigation is fully justified by good cause. Fuchs Aff., Ex. H at 5–9. This Court must accept those rulings under the doctrine of res judicata, and VDARE's claim necessarily fails. *See Trump*, 2022 WL 1718951, at *16–19.[2]

      VDARE now argues that res judicata should not apply for equitable reasons because VDARE distrusts the impartiality of the state court. *See* D.E. 30 at 10, 12–13. But the Second Circuit has rejected such arguments, holding, "There is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata." *Mohamad v. Rajoub*, 767 F. App'x 91, 93 (2d Cir. 2019) (cleaned up). VDARE also asserts that only actions filed earlier in time can be entitled to res judicata effect in parallel actions, *see* D.E. 30 at 11, but that is not the law. *See, e.g.*, *Forte v. Kanekia Am. Corp.*, 110 A.D.2d 81, 86 (2d Dep't 1985) (holding that for the purposes of res judicata, "the effective date of a final judgment is the date of its rendition, without regard to the date of the commencement of the action in which it is rendered or the action in which it is to be given effect"); Restatement (Second) Judgments § 14, Cmt. A (observing that a judgment has res judicata effect even when "the action in which it is

---

[2] The fact that the Supreme Court's order is currently on appeal does not affect its finality for res judicata purposes. *See, e.g.*, *The Plaza PH2001 LLC v. Plaza Residential Owner LP*, 98 A.D.3d 89, 98 (1st Dep't 2012) (holding "the pending appeal did not alter the applicability of the doctrine of res judicata").

9

rendered was commenced later than the pending action").

VDARE's own admissions independently defeat its retaliation claim. As VDARE has itself conceded, the OAG's investigation into VDARE's use of charitable funds was a justifiable use of its subpoena authority. D.E. 26 at 4, 11, 17–18. VDARE disagrees on the scope of the OAG's investigation, *see* D.E. 30 at 11 ("VDARE has not claimed that its constitutional concerns about content providers and contractors could never yield to investigatory oversight, just that more is required"), but its fundamental agreement that the OAG can and should investigate the type of misuse of charitable funds at issue here underscore the reasonableness of the OAG's investigation. Such admissions independently defeat the but-for causation requirement for VDARE's First Amendment retaliation claim. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019).

Finally, on the merits, the self-interested transactions between VDARE and its principals—including the transfer of a $1.4 million medieval-style castle to two unrelated corporations controlled by those principals, and the use of a shell LLC controlled by the principals to conceal certain transactions—fully justifies the OAG's investigation under its jurisdiction to protect charitable assets. *See* D.E. 12-1 at 19–21; D.E. 27 at 7–8. As the state court found, the OAG's subpoena was tailored to "demand the type of material that will permit [the OAG] to determine whether [VDARE] complied with the law, including documents necessary to determine "whether there has been any diversion of charitable assets." Fuchs Aff., Ex. H at 6–7. Uncovering the identities of individuals who have received payments from VDARE goes to the heart of the OAG's investigation. VDARE's directors Peter and Lydia Brimelow control at least three separate entities that have received questionable assets transfers, and the identities of VDARE's payees are critical

information for determining whether VDARE employs adequate financial controls to prevent waste and self-dealing. At an organization where board members and former board members are also known contributors (and all three current board members come from the same family), the OAG is also entitled to probe the identities of paid contributors to assess board independence and related-party transactions. Fuchs. Aff., Ex. A at ¶¶ 19–20. By contrast, VDARE may redact the names of unpaid, volunteer contributors whose identities don't raise such concerns.

VDARE ignores all of these arguments in its request for emergency relief. VDARE's motion barely mentions its only legal claim—First Amendment retaliation—and never discusses its elements. Its argument for success on the merits focuses instead on arguments the state court has already rejected concerning the scope of the OAG's subpoena. The state court explicitly found the subpoena's scope was justified and caused VDARE no harm. Fuchs Aff., Ex. H at 7–9. In addition to being unrelated to VDARE's retaliation cause of action, those arguments are beyond this Court's review under the doctrine of res judicata. *See Trump*, 2022 WL 1718951, at 16–19.

The remainder of VDARE's legal arguments concern the red herring of whether the Court may abstain under the *Younger* abstention doctrine. *See* D.E. 30 at 5–7 (citing *Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 27 F.4th 886 (3d Cir. 2022)). The OAG has never argued that *Younger* abstention should apply to this case. *See* D.E. 12-1 at 13–14 (OAG arguing for *Burford* abstention in its motion to dismiss). But to weigh the likelihood of success on the merits for this preliminary injunction motion, the Court need not determine whether *any* kind of abstention applies. VDARE's First Amendment retaliation claim is both barred by res judicata—because the state court

11

already ruled on every dispositive issue—and meritless—because the OAG's investigation was fully justified. In *Trump*, this Court held that the res judicata effect of a nearly identical subpoena compliance order, standing alone, was an independent and sufficient grounds for dismissing a First Amendment lawsuit like this one. *See Trump*, 2022 WL 1718951, at 14, 16–17. And in *Smith & Wesson*, the case VDARE most heavily relies upon, the District of New Jersey ultimately dismissed the plaintiff's First Amendment challenge to a state-court subpoena compliance order on the same res judicata grounds—even after the Third Circuit determined *Younger* abstention did not apply. *Smith & Wesson Brands, Inc. v. Grewal*, No. 20-cv-19047 (EP) (ESK), 2022 WL 17959579, at *5–9 (D.N.J. Dec. 27, 2022); *see also Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 388–89, 398–402 (2d Cir. 2022) (reaching the same conclusion under Massachusetts law). As those cases make clear, the question of abstention is irrelevant to the issues the Court must now address.

### III. The public interest favors denial of a preliminary injunction where a state court has already compelled compliance with an ongoing investigation.

Finally, VDARE cannot establish that an injunction would be in the public interest. Although protecting First Amendment rights is a paramount public interest, that is "no help" to a plaintiff like VDARE "that is not likely to succeed on its First Amendment claim." *SAM Party of N.Y. v. Kosinski*, 987 F.3d 267, 278 (2d Cir. 2021) (internal citation and quotation marks omitted).

By contrast, the OAG's governmental interests favor denying a preliminary injunction. A preliminary injunction will needlessly prolong the OAG's investigation—already delayed by VDARE's dilatory conduct in responding to the subpoena. Delayed resolution of the OAG's investigation into the propriety of VDARE's use of its charitable

12

assets risks harming the public interest in protecting such assets—especially in light of VDARE's continued solicitations in New York and elsewhere. *See, e.g.*, *Virag v. Hynes*, 54 N.Y.2d 437, 443 (1981) (observing that unmeritorious court delays to lawful investigations "can lead not only to the loss of evidence and the fading of witnesses' memories, but also may completely frustrate the course of legitimate investigation").

Separately, respecting the doctrine of res judicata will advance the public interest. *See, e.g.*, *Mohamad*, 767 F. App'x at 93 ("The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case.").[3] VDARE baldly asserts that the state court "inexplicably deferred to the OAG" and failed to evaluate VDARE's First Amendment arguments. D.E. 30 at 12. But that is simply not true—the state court explicitly considered and rejected VDARE's arguments in a well-reasoned decision citing the very cases VDARE now claims it ignored. *See* Fuchs Aff., Ex. H at 5, 8–9 (citing *Evergreen Ass'n, Inc. v. Schneiderman*, 153 A.D.3d 87 (2d Dep't 2017), and *Americans for Prosperity v. Bonta*, 141 S. Ct. 2373 (2021)). It is well established that state courts are just as competent as federal courts to rule on constitutional questions. *See, e.g.*, *Trump*, 2022 WL 1718951, at *11, 19. By

---

[3] VDARE claims that the OAG has taken inconsistent positions on whether New York's first-filed rule or res judicata applies here, but the OAG's position has been fully consistent with state law. New York law instructs courts to disregard the first-filed rule when the forms of relief available in each action are incompatible, as they were here (where this Court lacked jurisdiction to compel compliance with a state subpoena). *See, e.g.*, *U.S. Bank, N.A. v. Deshuk-Flores*, 163 A.D.3d 603, 604–05 (2d Dep't 2018). By contrast, res judicata applies even where the two causes of action "seek different relief." *Sciangula v. Montegut*, 165 A.D.3d 1188, 1190 (2d Dep't 2018) (cleaned up); *see also Exxon Mobil*, 28 F.4th at 401 (reaching the same conclusion under Massachusetts law). Here, there is no real dispute about whether the claims overlap for the purposes of res judicata—VDARE has admitted that its "Federal Complaint is based on many of the same underlying issues raised by OAG's special proceeding in [state court]." D.E. 12-7 (Frisch Aff.) at 12; *see also Trump*, 2022 WL 1718951, at *19.

giving the state court's decision the deference required by federal and state law, this Court will advance the public interest in finality and advance comity between New York's federal and state courts.

## CONCLUSION

For the reasons described above, VDARE's motion for emergency injunctive relief should be denied.

Dated: April 10, 2023

LETITIA JAMES
Attorney General for the State of New York
*Attorney for State Defendants*
s/ Rick Sawyer
Rick Sawyer
Special Counsel, Civil Rights Bureau