# EXHIBIT I

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,

                Petitioner,

-against-

VDARE FOUNDATION, INC.,

                Respondent.

Index No. 453196/2022

(Kraus, J.S.C.)

STIPULATION AND [PROPOSED] ORDER FOR THE PRODUCTION OF CONFIDENTIAL INFORMATION

This matter having come before the Court by stipulation of Petitioner the People of the State of New York, by Letitia James, Attorney General of the State of New York ("OAG"), and Respondent The VDARE Foundation, Inc. ("VDARE") (individually a "Party" and together, the "Parties") for the entry of a confidentiality order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by VDARE in response to the investigative subpoena dated June 23, 2022 (served June 24, 2022) and issued by OAG; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

    IT IS hereby ORDERED that:

    1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

    2.    VDARE may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on each page of the Document so designated, statement on the record of the examination, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3. As used herein, "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain proprietary business information or other sensitive information the disclosure of which would, in the good faith judgment of VDARE or its counsel, be detrimental to the conduct of VDARE's business or the business of any contractor engaged by VDARE to provide professional services to VDARE.

4. OAG may, at any time, notify VDARE that OAG does not concur in the designation of a document or other material as Confidential Information. If VDARE does not agree to declassify such document or material within seven (7) days of the written request, OAG may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, VDARE bears the burden of establishing the propriety of its designation of documents or information as Confidential Information. To the extent OAG is successful on a motion for declassify such documents or materials, OAG shall be entitled to the legal fees and costs incurred in making such motion.

5. Notwithstanding VDARE's designation, documents and information produced to OAG that have been designated as "Confidential Information" may be subject to disclosure pursuant to, without limitation, New York Public Officers Law § 87 and New York Criminal Procedure Law § 245. Confidential Information as defined herein may be provided by OAG to law enforcement agencies in response to inquiries or as part of a referral in connection with an actual or potential law enforcement investigation without prior notice to VDARE. In such instance, OAG

will notify the recipient of VDARE's confidentiality designation and will provide them with a copy of this Agreement.

6. Upon a request by VDARE, OAG will deem "Confidential Information" produced to OAG to be subject to a request by VDARE for an exemption under New York Public Officers Law §§ 87(2)(b) and 89(2) or 87(2)(d), which provides certain protections from disclosure under the Freedom of Information ("FOIL") as outlined in New York Public Officers Law § 89(5). Unless such "Confidential Information" has been declassified in accordance with paragraph 4 above, "upon the request of any person for a record excepted from disclosure," OAG will: provide notice to VDARE of its intention to determine whether the exception will be granted or whether any other exemptions under FOIL apply; permit VDARE, within ten business days of receipt of such notice, to submit a written statement of the necessity for granting or continuing the exception; and within seven days of OAG's receipt of VDARE's written statement, or of the expiration of the ten-day period for VDARE's submission of such statement, issue a written determination granting, continuing or terminating the exception and stating reasons therefor. Finally, in connection with any FOIL request, OAG will provide VDARE with a reasonable opportunity to object, or seek court protection, as provided in New York Public Officers Law § 89(5)(b), in addition to any other remedy which may exist at law or in equity.

7. Where OAG is required pursuant to New York Criminal Procedure Law § 245.20(2) to disclose "Confidential Information" in connection with a criminal matter, OAG will notify the recipient of VDARE's confidentiality designation, will provide them with a copy of this Agreement. OAG will not be deemed to have violated this Stipulation for failing to provide notice to VDARE.

8. Except with the prior written consent of VDARE, by Order of the Court or as otherwise required by law, including without limitation as set forth in paragraph 7 above, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of the Parties actually engaged in this investigation or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the course of this investigation, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this investigation or to give testimony with respect to the subject matter of this investigation or in connection with any other proceeding herein;

(d) the Court and court personnel;

(e) witnesses and their counsel in any interview or examination taken by OAG, as well as any officer before whom such examination is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f) any governmental body within the State of New York, any other State of the United States (collectively, "Governmental Body") pursuant to a law enforcement request, whether by subpoena or otherwise; and

(g) any other person agreed to by VDARE.

9. Confidential Information shall be utilized by OAG and its counsel only for

purposes of this investigation, regulation of any person or entity subject to OAG regulatory oversight, and any other litigation, investigations, and/or referrals to law enforcement agencies for law enforcement purposes, and otherwise for no other purposes.

10. All investigative examinations shall presumptively be treated as Confidential Information and subject to this Stipulation during the examination and for a period of thirty (30) days after a transcript of said examination is received by counsel for each of the Parties. At or before the end of such thirty-day period, the examination shall be classified appropriately. If any portion of an examination designated as Confidential Information is challenged, it shall be subject to the procedures set forth in paragraph 4, *supra*.

11. Filing:

(a) A Party who seeks to file with the Court any examination transcripts or other documents which have previously been designated as comprising or containing Confidential Information shall file the document, pleading, brief, or memorandum on the NYSCEF system in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing"). If VDARE fails to move to seal within seven (7) days of the Redacted Filing, the Party making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(b) If VDARE makes a timely motion to seal, and the motion is granted, the filing Party shall ensure that all documents (or, if directed by the court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the NYSCEF system. If VDARE's timely motion to seal is denied, then the Party making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(c) Any Party filing a Redacted Filing in accordance with the procedure set forth in this

paragraph 11 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(d)     All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a party as comprising or containing Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

12.     With the exception of any Governmental Body or other person or entity that receives Confidential Information pursuant to a disclosure by the OAG as set forth in paragraph 5 above, any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

13.     Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 10 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for OAG identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14.     Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

15.     The production or disclosure of Confidential Information shall in no way constitute a waiver of VDARE's right to object to the production or disclosure of other information in this investigation or in any other proceeding. Nothing in this Stipulation shall operate as an admission

by any Party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

16. In connection with their review of electronically stored information and hard copy documents for production (the "Documents Reviewed") the Parties agree as follows:

(a) to implement and adhere to reasonable procedures to ensure documents reviewed that are protected from disclosure pursuant to CPLR 3101(c), 3101(d)(2) and 4503 ("Protected Information") are identified and withheld from production.

(b) if Protected Information is inadvertently produced, VDARE shall take reasonable steps to correct the error, including a request to OAG for its return.

(c) upon request by VDARE for the return of Protected Information inadvertently produced OAG shall promptly return the Protected Information and destroy all copies thereof. Furthermore, OAG shall not challenge either the adequacy of VDARE's document review procedure or its efforts to rectify the error, and OAG shall not assert that its return of the inadvertently produced Protected Information has caused it to suffer prejudice.

17. This Stipulation is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

18. This Stipulation shall continue to be binding after the conclusion of this investigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that OAG may seek the written permission of VDARE or further order of the Court with respect to dissolution or modification of

the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of the investigation.

19. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct.

21. If OAG is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, OAG shall (a) give written notice by overnight mail and either email or facsimile to the counsel for VDARE within five (5) business days of receipt of such order, subpoena, or direction, and (b) give VDARE five (5) business days to object to the production of such Confidential Information, if VDARE so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

22. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

23. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: _____, 2023         LETITIA JAMES
                                Attorney General of New York


                                By: _____
                                    James G. Sheehan
                                    Yael Fuchs
                                    Catherine Suvari
                                    Assistant Attorneys General
                                    28 Liberty Street
                                    New York, NY 10005
                                    Tel: (212) 416-xxxx

                                *Attorneys for Petitioner State of New York*


Dated: _____, 2023         LAW OFFICES OF ANDREW J. FRISCH, PLLC


                                By: _____
                                    Andrew J. Frisch
                                    40 Fulton Street, 17th Floor
                                    New York, New York 10038
                                    Tel: (212) 285-8000

                                *Attorneys for Respondent VDARE Foundation, Inc.*