# EXHIBIT M

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------ x

PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES, Attorney General of the State of
New York,

                       Petitioner,

        - against -

VDARE FOUNDATION, INC.,

                       Respondent.

Index No. 453196/2022

Motion Sequence No. 2
(VDARE's motion for dismissal
or, alternatively, a stay)

------------------------------------------------------------------ x

AFFIRMATION IN SUPPORT OF RESPONDENT'S ORDER TO SHOW CAUSE
TO DISMISS OR, ALTERNATIVELY, STAY THIS PROCEEDING PENDING
RESOLUTION OF THE DUPLICATIVE AND OVERLAPPING FEDERAL CASE

        Andrew J. Frisch, an attorney duly admitted to practice law in the State of New York since 1985, affirms the following statements to be true under penalties of perjury:

Introduction

        1.     I am counsel to VDARE Foundation, Inc. ("VDARE"), a non-profit foundation organized and existing under the laws of the State of New York with a principal place of business in Berkeley Springs, West Virginia. The undersigned was engaged by VDARE in late August 2022 to comply with and otherwise respond to an investigative subpoena issued to VDARE by the Attorney General of the State of New York ("OAG") on or about June 24, 2022. This Affirmation is based on personal knowledge, documents attached as exhibits which are true and accurate copies of the originals, and otherwise on information and belief as noted.

        2.     On December 12, 2022, VDARE filed an action in United States District Court for the Northern District of New York against the OAG [*VDARE Foundation, Inc. v.*

*James*, 1:22-cv-01337 (FJS)], alleging, among other things, that the OAG's demands for certain disclosures in response to its subpoena (a) threaten VDARE's ability to conduct business; and (b) reveal the OAG's subpoena to be a retaliatory pretext aimed at interfering with VDARE's rights to freedom of speech and association guaranteed by the United States and New York Constitutions. VDARE's federal complaint seeks declaratory and injunctive relief. *See* VDARE's Complaint in United States District Court (the "Federal Complaint"), attached hereto as Exhibit A.

3. On December 16, 2022, less than a week *after* December 12, 2022, when VDARE filed its Federal Complaint against the OAG (and simultaneously emailed a courtesy copy to the OAG in advance of formal service), the OAG commenced this special proceeding against VDARE, seeking to compel the very disclosures identified in VDARE's Federal Complaint that threaten its existence and further demonstrating that the OAG's arguments in support of its investigative subpoena are pretextual.

4. It was not until December 22, 2022, that the OAG first notified VDARE that it had initiated this special proceeding, the day *after* the OAG (on December 21, 2022) requested and secured VDARE's consent to an extension of the OAG's deadline in federal court to respond to VDARE's Federal Complaint. In securing VDARE's consent to an extension of the OAG's deadline in federal court, the OAG did not disclose that it had filed this special proceeding the week before and was apparently awaiting this Court's issuance of an order to show cause, instead claiming: "Because of the holidays and a member of our team who has COVID, we would appreciate an extension until Jan 18 to respond to VDARE's complaint in the NDNY. Can you please confirm your consent?" *See* Email from the OAG to the undersigned,

2

dated December 21, 2022, attached hereto as Exhibit B.

5.  This affirmation is respectfully submitted in support of VDARE's application, pursuant to CPLR 3211(a)(4), that this special proceeding be dismissed or, alternatively, stayed until VDARE's pending federal action is resolved.

I.  *VDARE Sought Relief in United States District Court Only After the OAG's True Motive for Conducting this Investigation Became Apparent, And the OAG's Position Threatened VDARE's Ability to Conduct Business*

(A) *VDARE's proposed middle ground and to meet and confer*

6.  Between September and November 2022, VDARE's undersigned counsel completed review of records maintained by VDARE electronically and in hard copy and produced over 6,000 pages to the OAG responsive to its investigative subpoena. Before December 2022, VDARE's counsel had provided the OAG with a list of email custodians and was in the process of completing compliance with the OAG's subpoena by identifying responsive emails from a universe of 40 gigabytes (the equivalent of millions of pages).

7.  While working towards completing compliance with the OAG's subpoena, VDARE's counsel advised the OAG that disclosure of the identities of its employees and contractors would violate constitutional guarantees of free speech and association. The subject matter of VDARE's principal activity - - commentary about immigration policy of the United States disseminated to the public through its website at www.VDARE.com - - is controversial. VDARE's lawful speech has led to reputational and professional harm to people and entities associated with it. In addition, contractors providing services essential to VDARE's survival have refused to continue to do business with VDARE, including venues which cancelled contracts with VDARE to host conferences, sometimes because of disagreement with VDARE's views, and sometimes because of

fear of protests. These harms to VDARE have made it increasingly difficult for VDARE to find alternatives to continue to stay in business. *See* Letter from the undersigned to the OAG, dated September 26, 2022, attached hereto as Exhibit C; Letter from the undersigned to the OAG, dated October 31, 2022, attached hereto as Exhibit D; Email from the undersigned to the OAG, dated October 20, 2022, attached hereto as Exhibit E.

8. The OAG knows or should know that VDARE's controversial speech exposes it to reprisals from those who disagree or fear protests from those who disagree. *See, e.g.*, "VDARE responds to conference cancellation at Cheyenne Mountain Resort," Aug. 15, 2017[1] ("Cheyenne Mountain Resort [in Colorado] will not be hosting the VDARE Foundation in April of next year. We remain committed to respecting the privacy of guests at the resort."); Kristine Phillips, The Washington Post, Jan 26, 2017 ("Tenaya Lodge, a resort on the border of Yosemite National Park, canceled [VDARE's] booking after receiving complaints about the organization's views.")[2]; *"Cancelled Tucson Conference Produces Five-Figure Settlement - - VDARE.com To Announce New Venue Soon!"* Mar. 7, 2018.[3]

9. Likewise, multiple businesses providing services essential to VDARE's continued operations have terminated their relationships with VDARE, including Mailchimp and Constant Contact (providers of email marketing services), Paypal, Amazon, Google Ads, and

---

[1] Available at *https://www.kktv.com/content/news/Mayor-Suthers-responds-to-planned-VDARE-conference-in-Colorado-Springs-440537563.html*

[2] Available at *https://www.washingtonpost.com/news/post-nation/wp/2017/01/26/a-resort-canceled-a-white-nationalist-groups-first-ever-conference-because-of-its-views/*

[3] Available at *https://vdare.com/articles/cancelled-tucson-conference-produces-five-figure-settlement-vdare-com-to-announce-new-venue-soon*

4

many smaller businesses.[4] VDARE created an entity called "Happy Penguins LLC" for the sole purpose of paying VDARE's employees so that they could identify a non-controversial entity (Happy Penguins) - - and not VDARE - - as their employer. *See* VDARE's Internal Revenue Form 990 for 2019[5] (identifying "Happy Penguins LLC / Peter Brimelow" (VDARE's founder) as a service providing leased employees).

    10. While simultaneously working to comply with the OAG's subpoena and producing documents responsive to the OAG's subpoena, VDARE's counsel provided the OAG with precedent that established the constitutionally-protected interests. Exhibit C (citing *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 460, 462 (1958) (protecting the right of "advocacy of both public and private points of view, particularly controversial ones" and holding that an order requiring association to produce membership list interfered with First Amendment freedom of association); and *Evergreen Ass'n, Inc. v. Schneiderman,* 153 A.D.3d 87, 100 (2d Dep't 2017) (applying strict scrutiny where anti-abortion advocacy group served with the Attorney General's investigatory subpoena alleged that subpoena compliance would "have a chilling effect on [the group's] associations with its employees and potential clients" as well as at least one hospital); *see also Rosenberger v. Rector & Visitors of the Univ. of Va.,* 515 U.S. 819, 828 (1995) ("Discrimination against speech because of its message is presumed to be unconstitutional.");

---

  [4] *See* https://vdare.com/posts/we-ve-been-purged-from-mail-chimp-vice-gloats-deplatforming-works-update-we-re-back; https://vdare.com/posts/emergency-message-to-vdare-com-readers-from-peter-brimelow; *see also* "Tourist Town Desperate to Reopen Faces Another Battle" *infra*.

  [5] Available at *https://www.charitiesnys.com/RegistrySearch/getcontent?guid={20D3F877-0000-CCBA-A2A6-DE59F92CA6EF}&orgid=41-37-83&title=IRS%20Annual%20Return&project=Charities*.

5

*Rosenblatt v. Baer,* 383 U.S. 75, 85 (1966) ("Criticism of government is at the very center of the constitutionally protected area of free discussion. Criticism of those responsible for government operations must be free, lest criticism of government itself be penalized.").

11. On October 15, 2022, VDARE requested that the OAG explain its purpose in seeking information about contractors in an effort "to narrow issues and move things along." Email from the undersigned to the OAG, dated October 15, 2022, attached hereto as Exhibit F. While the OAG declined to provide any such explanation, VDARE proposed a middle ground to the OAG that addressed the OAG's ostensibly legitimate investigative interest while protecting VDARE's concerns - - with reservation of the OAG's right to revisit the issue at a later date if necessary. VDARE proposed that it identify contractors who are related parties as defined by Article 715 of the New York Not-for-Profit Corporation Law who earn more than $10,000 annually; and would "consider identifying other employees or contractors involved in specific transactions with which your office might be concerned." Email of the undersigned to the OAG, dated October 20, 2022, attached hereto as Exhibit E ("To the extent you continue to have a problem with this protocol for this subset of vendors, we can revisit the issue as your work continues and see if we can resolve it later. I would like to make as robust a production as I can now and deal with this issue later, to the extent that my way forward for now proves not to be a permanent solution.").

12. The OAG rejected VDARE's proposed middle ground. The OAG invited VDARE to provide objections in writing to specific requests in the OAG's subpoena, giving the impression that the OAG was keeping an open mind about the issue. VDARE provided objections to specific requests by letter dated October 31, 2022, requesting an opportunity to meet and confer toward resolving the issue. *See* Letter of the undersigned to the OAG, dated Oct. 31, 2022, attached

6

hereto as Exhibit D).  Even then, VDARE did not take a blanket approach to its continuing objections, but disclosed the identities of all of its employees as part of its continuing production, the identities of contractors who appeared to be related parties within the meaning of Article 715 of the New York Not for Profit Corporation Law (without regard to amount earned), as well as others whose associations with VDARE were apparently already publicly known.

13. In the undersigned's letter to the OAG dated October 31, 2022 (Exhibit D), VDARE expressed concern to the OAG about its apparent disclosure of constitutionally protected information in another investigation.  On October 11, 2022, members of the United States Congress wrote to United States Attorney General Merrick Garland, requesting investigation of apparently undue disclosures provided to or otherwise obtained by the OAG.  On August, 26, 2022, Politico had published confidential information about donors to another conservative non-for-profit in the OAG's cross hairs which was reportedly leaked by the OAG.[6]

14. Despite VDARE's completion of its review of records maintained electronically and in hard copy and attendant production of over 6,000 pages of documents, VDARE's continuing analysis of 40 gigabytes of emails, and its request to meet and confer on disclosure of the identifies of contractors, the OAG notified VDARE's counsel on December 2, 2022, that it required VDARE to complete production by December 12, 2022.  Exhibit G.  On December 12, 2022, as noted above, VDARE commenced a lawsuit in the Northern District of New York against the OAG.  Exhibit A.

---

[6] *See* https://www.wsj.com/articles/all-about-nikki-haleys-donors-new-york-attorney-general-letitia-james-stand-for-america.

7

(B) *The OAG rejected VDARE's offer to immediately address the OAG's purported concern about VDARE's purchase and use of a property*

15. The purported impetus for the OAG's investigation (as disclosed by the OAG to VDARE's counsel) is VDARE's purchase in 2020 of a castle-styled property in Berkeley Springs, West Virginia, to host conferences in order to eliminate the risk that VDARE's conferences could only be conducted at the whim of independent venue owners. *See* Rachel Olding, *"Tourist Town Desperate to Reopen Faces Another Battle"* Daily Beast (May 29, 2020)[7] (noting that VDARE's founder, Peter Brimelow, "said they plan to use the castle for meetings and as a studio - - handy considering at least three hotels have canceled conference contracts on VDARE after learning of the group's views.").

16. After VDARE purchased the castle, a cottage on the castle's grounds in which the Brimelows intended to live was not yet habitable so the Brimelows (Peter and Lydia Brimelow and their three young children) moved from their home in Connecticut and lived in the castle for a period of months until the cottage was ready for them. Among documents produced to the OAG as part of the 6,000 pages (and separately in undersigned's email to the OAG) is a lease agreement establishing that the Brimelows paid rent to live in the cottage beginning in April 2021. *See* Lease Agreement, attached hereto as Exhibit H. Upon locating and producing the Brimelows' lease agreement for the cottage to the OAG, the undersigned proposed a meeting with the OAG to begin addressing the OAG's professed concerns about VDARE's purchase of the castle. The OAG rejected that invitation, expressly deferring even an initial discussion about the castle until after VDARE produced all documents deemed by the OAG to be responsive to its subpoena.

---

[7] Available at *https://www.thedailybeast.com/berkeley-springs-west-virginia-freaks-out-after-vdare-founder-buys-its-castle*.

8

### (C) Additional concerns expressed by the OAG are pretextual and unfairly insinuate malfeasance

17. The OAG has authority to inquire and request documents from charities registered in New York State, but it may not seek to supercede a previously-filed federal case with unfair insinuations of malfeasance nor by demanding constitutionally-protected information far afield from legitimate oversight.

18. A few examples are illustrative. The OAG notes in support of its motion that Lydia Brimelow is identified on filings as VDARE's "Secretary, Treasurer and Publisher," but not identified as Peter Brimelow's wife on VDARE's Internal Revenue Service Form 990. AAG Fuchs Affirmation [NYSCEF Doc. 4] at 19. Peter and Lydia Brimelow, however, are publicly known to be married and, on information and belief, file their income tax returns jointly as husband and wife with the same Internal Revenue Service with which VDARE files Form 990. The OAG asserts no connection between this purported misstep in completing an IRS form and the identities of VDARE's contractors.

19. Similarly, the OAG insinuates that Peter Brimelow's compensation reported in from VDARE's 2019 IRS Form 990 was atypically high [AAG Fuchs Affirmation at 9], but conveniently omits that VDARE's total contributions for 2019 were $4,259,309 [VDARE's Form CHAR500 for 2019, attached hereto as Exhibit I][8], a far substantially greater amount than in other years. Likewise, the OAG insinuates malfeasance from an auction of furnishings from the castle [AAG Fuchs Affirmation at 8], but, on information and belief, the entirety of *de minimis* proceeds from the auction went for VDARE's benefit. None of this innuendo from the OAG

---

[8] Available at *https://www.charitiesnys.com/RegistrySearch/getcontent?guid= {30D3F877-0000-CB55-8F8C-8ED446FA3F08}&orgid=41-37-83&title=Annual%20Filing%20 for%20Charitable%20Organizations&project=Charities*

9

justifies its demand for the identities of contractors and, instead, demonstrates that the OAG's investigation is pretextual.

> (D) The OAG's complaints about inconsistencies in redactions ignore that the OAG encouraged a rolling production

21. In the OAG's letter of December 2, 2022, demanding that VDARE complete its production and identify all contractors without redactions by December 12, 2022, the OAG complained that VDARE had inconsistently applied redactions, which had not been accompanied by a log identifying the bases for the redactions. But the OAG had agreed to "a rolling production" [Email from the OAG to the undersigned, dated August 23, 2022, attached hereto as Exhibit J], which permitted VDARE to act in good faith and reassess the need for redactions as its review continued. *See, e.g.*, Letter from the undersigned to the OAG, dated September 19, 2022, attached hereto as Exhibit K ("As to redactions in the documents produced today, I have not had ample time fully to evaluate bases underlying the reactions . . . I have opted instead to produce an installment of documents today and will circle back on the redactions once my evaluations are complete."); Exhibit E ("These issues . . . are not present for every vendor, so I am trying to identify precisely which vendors present a problem.").

> (v) The OAG faulted VDARE for attempting to meet its own ambitious deadlines despite knowing that VDARE is a mom-and-pop operation represented by a solo practitioner

21. As of December 2, 2022, when the OAG declined VDARE's proposal that the parties meet and confer in response to VDARE's letter of October 31, 2022, and, instead, demanded that production be completed within ten days, all that remained was resolution of VDARE's objection to disclosure of contractors' identities and production of emails responsive to the subpoena (and attendant redactions of contractors' identities). Though the OAG's motion infers undue delay in VDARE's production, the OAG is fully aware that VDARE "is literally a mom-an-

pop operation, with an actual mom who home schools three children, represented by a solo practitioner with no staff," who reviewed all VDARE records himself to determine responsiveness. Email from the undersigned to the OAG, dated September 30, 2022, attached hereto as Exhibit L. VDARE's legitimate efforts to protect its contractors and business interests by redacting identities of contractors was and remains labor-intensive and time-consuming, as VDARE reported to the OAG. Letter from the undersigned to the OAG, dated Oct. 31, 2022, attached hereto as Exhibit D ("The identities of VDARE's donors, content providers, and vendors who provide services to VDARE in its locality or are otherwise indispensable to its work are inextricably intertwined with some of its financial records. For example, some of these entities are identified in bank statements in lists of monthly transactions and associated copies of checks. The work to provide such financial records with redactions is labor-intensive and time-consuming and is ongoing."). Meanwhile, as to the OAG's request for a log of redactions and their bases, the extent of redactions of identities of contractors was significant, favoring one log of redactions after production was complete. Letter from the undersigned to the OAG, dated Nov. 21, 2022, attached hereto as Exhibit M.

22. The undersigned set ambitious deadlines in a good faith effort to show diligence and compliance and, as of December 2, 2022, had completed review and produced 6,000 pages of VDARE's records maintained electronically and in hard copy. Completion of review of emails was in sight when the OAG, on December 2, 2022, unreasonably demanded that VDARE complete all steps necessary for compliance within ten days, apparently requiring that it either disclose the identities of all contractors without redactions or provide a full list of all such redactions from the 6,000 pages and responsive emails, and thereafter moved to compel compliance without meeting and conferring as requested by the undersigned on October 31, 2022, as required by the Court's local rules - - notwithstanding VDARE's previously filed Federal Complaint.

II  *Issues Raised by the OAG in this Special Proceeding Duplicate and Overlap Issues Raised by VDARE's First-filed Federal Complaint Against the OAG*

23.  VDARE sought relief in federal court only after the OAG's approach to its subpoena threatened VDARE's ability to conduct business and revealed that the OAG is using its subpoena power as a pretext. VDARE's Federal Complaint is based on many of the same underlying issues raised by the OAG's subsequent special proceeding in this Court.

24.  Thus, VDARE's Federal Complaint (Exhibit A), among other things that duplicate and overlap with this special proceeding, (a) alleges that the OAG unreasonably demands disclosure of identities of contractors indispensable to VDARE's work without any apparent legitimate investigatory purpose; (b) alleges settled principles of constitutional law cited by VDARE to the OAG in redacting identities of contractors; (c) alleges the OAG's demand on December 2, 2022, that VDARE complete its production without redactions by December 12, 2022, and without the meet-and-confer proposed by VDARE's counsel on October 31, 2022; and (d) alleges VDARE's concern about the OAG's leaking of confidential information in another matter.

25.  As noted above, undersigned counsel consented to the OAG's request for an extension of time for the OAG to respond to VDARE's Federal Complaint, which request did not disclose that the OAG had initiated this special proceeding. As of the date of this filing, the OAG's response to VDARE's federal complaint is due by January 18, 2023.

26. I affirm that the relief sought by VDARE in this application has not previously been requested in this Court.

Dated: January 3, 2023

>	*/s/ Andrew J. Frisch*
>	Andrew J. Frisch
>	The Law Offices of Andrew J. Frisch, PLLC
>	40 Fulton Street, 17th Floor
>	New York, New York 10038
>	(212) 285-8000
>	*afrisch@andrewfrisch.com*
>
>	*Attorneys for Respondent*