UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

VDARE FOUNDATION, INC.,            :
                                               :
                   Plaintiff,         :
                                                 :    Civil Action No. 22-cv-1337 (FJS/CFH)
       - vs -                :
                                               :
LETITIA JAMES, in her official capacity as   :    **REPLY IN SUPPORT OF**
Attorney General of the State of New York,   :    **PLAINTIFF'S MOTION FOR A**
                                             :    **PRELIMINARY INJUNCTION**
                 Defendant.     :
                                             :
                                             :

-------------------------------------------------------x

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

REPLY IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION ................................1

    1.0      VDARE Will Succeed on its Claims and a Preliminary Injunction Should Issue ..........1

    2.0      The State Court Decision Should Not Preclude Injunctive Relief ..................................9

    3.0      Conclusion .................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Admiral Ins. Co. v. Niagara Transformer Corp.*,
  57 F.4th 85 (2d Cir. 2023) ...................................................................................9

*Agudath Israel v. Cuomo*,
  983 F.3d 620 (2d Cir. 2020)...................................................................................1

*Ams for Prosperity Found v Bonta*,
  141 S Ct. 2373 (2021)..........................................................................................2, 6

*Arista Recs., LLC, v. Doe 3*,
  604 F.3d 110 (2d Cir. 2010).............................................................................2, 3, 9

*Brown v. Socialist Workers '74 Committee (Ohio)*,
  459 U.S. 87 (1982) ...................................................................................................6

*Capasso v. Capasso*,
  119 A.D.2d 268 (1st Dept. 1986).............................................................................3

*Charette v. Town of Oyster Bay*,
  159 F.3d 749 (2d Cir. 1998).....................................................................................8

*Citibank, N.A. v. Citytrust*,
  756 F. 2d 273 (2d Cir. 1985)....................................................................................6

*Dow Jones & Co. v. Harrods Ltd.*,
  346 F.3d 357 (2d Cir. 2003)...................................................................................10

*Elrod v. Burns*,
  427 U.S. 347 (1976)..................................................................................................5

*Evergreen Ass'n, Inc. v. Schneiderman*,
  153 A.D.3d 87 (2d Dept. 2017) ...............................................................................6

*Exxon Mobil Corp. v. Healey*,
  28 F.4th 383 (2d. Cir. 2022) ..................................................................................10

*F.T.C. v. Garvey*,
  383 F.3d 891 (9th Cir. 2004) ...................................................................................9

*Fengler v. Numismatic Americana, Inc.*,
  832 F.2d 745 (2d Cir. 1987).....................................................................................8

*Hardison v. Alexander*,
  655 F.2d 1281 (D.C. Cir. 1981) .............................................................................10

*Hartford Courant Co., LLC v. Carroll,*
   986 F.3d 211 (2d Cir. 2021).........................................................................9

*Kuczinski v. City of New York,*
   352 F. Supp. 3d 314 (S.D.N.Y. Jan. 18, 2019) ..........................................1

*Mitchum v. Foster,*
   407 U.S. 225 (1975)....................................................................................10

*Mullins v. City of New York,*
   307 Fed. Appx. 585 (2d Cir. 2009)..............................................................5

*N.Y. Progress & Prot. PAC v. Walsh,*
   733 F.3d 483 (2d Cir. 2013).....................................................................1, 9

*NAACP v. Alabama ex rel. Patterson,*
   357 U.S. 449 (1958)..................................................................................2, 6

*Nken v. Holder,*
   556 U.S. 418 (2009).....................................................................................9

*Republic of Philippines v. New York Land Co.,*
   852 F.2d 33 (2d Cir. 1988)...........................................................................8

*Sony Music Entm't Inc. v. Doe,*
   326 F. Supp. 2d 556 (S.D.N.Y. Jul 26, 2004) .............................................3

*Tough Traveler, Ltd. v. Outbound Prods.,*
   60 F.3d 964 (2d Cir. 1995)...........................................................................6

*United States v. El Paso Natural Gas Co.,*
   376 U.S. 651 (1964)......................................................................................3

**STATUTES**

28 U.S.C. § 1746 .................................................................................................7

42 U.S.C. § 1983 ...........................................................................................1, 10

**RULES**

CPLR § 3019 .....................................................................................................10

CPLR § 402 .......................................................................................................10

CPLR § 407 .......................................................................................................10

Fed. R. Civ. P. 65..............................................................................................7

## CONSTITUTIONAL PROVISIONS

N.Y. Const. Art. I, Sec. 8.................................................................................................................1

U.S. Const. Amdt. 1...........................................................................................................................1

U.S. Const. Amdt. 14.........................................................................................................................1

**REPLY IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION**

A narrow question is before this Court:  Whether Defendant James can compel Plaintiff VDARE Foundation, Inc. ("VDARE"), a political media organization, to disclose its paid contributors and vendors, notwithstanding their First Amendment right to anonymity.  The state court did not undertake its own analysis of this issue and the Attorney General of the State of New York failed to demonstrate in her Opposition to Plaintiff's Emergency Motion for a Preliminary Injunction (Doc. No. 34) that she is constitutionally permitted to obtain this information.  The preliminary injunction should be granted, and Defendant should be precluded from enforcing her subpoena seeking this information.

### 1.0      VDARE Will Succeed on its Claims and a Preliminary Injunction Should Issue

In its Verified Complaint (Doc. No. 1), VDARE makes claim against Defendant James under 42 U.S.C. § 1983 (invoking U.S. Const. Amdts. 1 & 14) and N.Y. Const. Art. I, Sec. 8,[1] relative to VDARE's exercise of its rights to freedom of speech and association (Counts 2 & 3), with attendant claims that Defendant's subpoena should be declared in violation of the First Amendment (Count 1) and enjoined (Count 4) to the extent of that violation.  VDARE has a strong likelihood of success on these claims.  "Because the deprivation of First Amendment rights is an irreparable harm, in First Amendment cases 'the likelihood of success on the merits is the dominant, if not the dispositive, factor'" in granting a preliminary injunction.  *Agudath Israel v. Cuomo*, 983 F.3d 620, 637 (2d Cir. 2020) (*quoting N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013). Thus, success under the First Amendment warrants imposition of the requested injunction.

---

[1] As noted in the Verified Complaint, the analysis of the state and federal claims is the same.  Doc. No. 1 at ¶ 50, citing *Kuczinski v. City of New York,* 352 F. Supp. 3d 314, 321 (S.D.N.Y. Jan. 18, 2019).

Defendant misconstrues the claims at issue, arguing that "VDARE's motion barely mentions its only legal claim—First Amendment retaliation—and never discusses its elements." Doc. No. 34 at 15.  While Count 2 is for First Amendment retaliation, seeking damages (*see* Doc. No. 1, Prayer for Relief, at 16, ¶ ii), Count 4 is a broader, equitable claim, seeking to preclude enforcement of the subpoena (*see id.* at 17, ¶ iv), and incorporating all preceding paragraphs (*see* Doc. No. 1 at ¶ 51).  The issue here is whether Defendant can compel VDARE to violate its contractors' right to anonymous speech, irrespective of whether Defendant does it for retaliatory purposes (though that certainly further demonstrates why the equities tip in VDARE's favor). Defendant cannot do so under the First Amendment, and Plaintiff will succeed in obtaining a permanent injunction on the issue.

Defendant undertakes no meaningful analysis of the First Amendment right to anonymous speech and association issue.  Defendant's position is at odds with decades of well-settled precedent, from *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958), to  *Ams for Prosperity Found v Bonta*, 141 S Ct. 2373 (2021).  All Defendant does is point to the state court decision, claiming that these arguments were "rejected".  (Doc. No. 34 at 15).  The state court undertook no independent analysis—instead, it copied and pasted from Defendant's memorandum to that tribunal.  One need only look at page 8 of that decision (Doc. No. 35-08) to see how the state court copied, verbatim, Defendant's argument "To the extent anonymity is used to mask violations of the law, 'it is unprotected by the First Amendment.'" (quoting *Arista Recs., LLC, v. Doe 3,* 604 F.3d 110, 118 (2d Cir. 2010).  *Compare* **Exhibit A**,[2] Defendant's Memorandum of Law at 16.  In fact, nearly every word of the state court decision addressing the First Amendment issue is copied

---

[2] All exhibit references are to the exhibits attached to the Declaration of Cassidy Curran, filed herewith.

**verbatim** from Defendant's memorandum.  A trial court should not "mechanically adopt[]" a party's submission, as they are "not the product of the workings of the [trial] judge's mind" and fail to provide "the insight of a disinterest mind". *United States v. El Paso Natural Gas Co*., 376 U.S. 651, 656-657 (1964).  New York courts agree it is improper for a trial judge to make a "wholesale, verbatim adoption" of a party's submission.  *Capasso v. Capasso*, 119 A.D.2d 268, 275 (1st Dept. 1986).  And, the state court did not otherwise explain its reasoning at oral argument. (Doc. No. 35-7).  Judicial plagiarism cannot show the state court actually rejected anything and such a repugnant act is entitled to no deference.

One need only **read** *Arista Recs.* to see that Defendant unethically misrepresented the holding of that case and that the state court should not have blindly copied Defendant's memorandum.  *Arista Recs.* was a copyright infringement case where the Doe alleged infringer moved to quash a subpoena that would identify him.  In assessing the motion, the District Court, as approved by the Second Circuit in *Arista Recs.*, used the standard laid out in *Sony Music Entm't Inc. v. Doe*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. Jul 26, 2004), setting forth the factors under which a subpoena may be quashed in the face of the First Amendment privilege of anonymity:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

604 F.3d at 119.  While that standard references the "plaintiff", it is referring to and placing the burden on the party issuing the subpoena, which would be Defendant James.  Neither in the state court nor here has Defendant referenced, let alone attempted, to satisfy her burden.  She cannot.

First, Defendant issued an investigatory subpoena, not one issued in the course of pursuing a claim for actionable harm.  She is engaged in a mere fishing expedition, with a pretext relating to VDARE's purchase of a building for uses consistent with its charitable mission (and which has

fully been substantiated)[3], but in actuality is retaliatory for VDARE's First Amendment-protected policy statements. The irony, of course, is that VDARE needed to purchase its own facility precisely because of the inability for other vendors to maintain their anonymity. But, Defendant identifies no actionable harm—only vague references to "violations of New York Law" (Doc. No. 34 at 2) *if confirmed. See also,* Fuchs Aff. (Doc. No. 35-1) at ¶¶ 35-36 (discussing "areas of concern which may constitution violations of VDARE's bylaws and/or New York law.")[4] Thus, Defendant fails to meet the first factor.

Second, the subpoena requests, to the extent they require deanonymization of contractors (*i.e.* contributors and vendors), are not specific to the purported potential violations of unspecified law. As outlined in the Fuchs Affidavit (Doc. No. 35-1 at ¶ 35), there is a) the absence of an independent auditor report in 2019, which has nothing to do with the identity of contractors (hereinafter "WHNTDWTIOC"); b) the absence of a process for determining Peter Brimelow's salary, WHNTDWTIOC; c) Mr. Brimelow's 2019 salary, WHNTDWTIOC; d) the payment of Mr. Brimelow's salary through Happy Penguins, LLC, WHNTDWTIOC; e) additional payments to Happy Penguins, WHNTDWTIOC; f) the reporting of the specific position of Lydia Brimelow, WHNTDWTIOC; and g) a conflict of interest policy and disclosures of transactions and benefits to the Brimelows, WHNTDWTIOC. And, Fuchs identifies concerns over ads purchased on Facebook, WHNTDWTIOC (*id.* at ¶ 36). Thus, Defendant fails to meet the second factor.

Similarly, as to the fourth factor,[5] Defendant has not identified her need for the

---

[3] *See, generally,* Verified Complaint, Doc. No. 1, and **Exhibit F**, Declaration of Lydia Brimelow.
[4] Defendant's memorandum misidentifies the relevant paragraphs as being 5 & 6.
[5] Defendant has not argued lack of alternate means (the third factor), but VDARE recognizes that it is, of course, best positioned to know who its anonymous contractors are. And, were VDARE to suggest alternate means, such would defeat the very purpose of maintaining anonymity. Thus, the third factor should not be given significant weight under these circumstances.

deanonymization of contractors with respect to the vague assertions of potential violations of law. While VDARE recognizes that Defendant is looking for potentially improper transactions with the Brimelows, a subpoena request to deanonymize all contractors is not tailored to the question. The Brimelows are not the anonymous contractors at issue. VDARE does not believe it has withheld any documents or redacted any information relating to the Brimelows that is within the purview of the subpoena. If the Court wishes to compare the redacted and unredacted documents *in camera* and under seal to confirm this, VDARE would comply, but the Court may otherwise rely on the fact that VDARE produced these documents with the assistance of counsel who, as officers of the Court, would ethically have been required to ensure the Brimelows' names and transactions relating to them were not redacted. Moreover, Defendant James has stated she does "*not* seek any information regarding the development or publication of VDARE's online content" (Doc. No. 12-1 at 8-9 (emphasis in original)), which eliminates her need to know the identity of anonymous contributors and vendors. Thus, as the issue is solely about the anonymity of non-interested persons, outside the scope of potential conflicts of interest, Defendant fails to meet the fourth factor.

Finally, the anonymous contractors have an expectation of privacy. Defendant incorrectly asserts that VDARE "has not submitted a single affidavit, document, or anything beyond bare allegations to support" its claim of irreparable harm. (Doc. No. 34 at 5). As the Court knows, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Defendant's citation to *Mullins v. City of New York*, 307 Fed. Appx. 585, 587 (2d Cir. 2009) is unavailing—in the event this Court does not issue an injunction, the First Amendment right to anonymous speech and

association will be immediately lost.[6]  VDARE's position is comparable to *Patterson*, where "an uncontroverted showing that on past occasions revelation of the identity of its rank-and-file members has exposed these members to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility." *Patterson*, 357 U.S. at 461.  Where such is the case, it is "apparent that compelled disclosure" is "likely to affect adversely the ability" of VDARE to publish and attempt to persuade others of its mission and will certainly "dissuade others from joining it because of fear of exposure of their beliefs shown through their associations and of the consequences of this exposure." *Id.* at 462-463.  Imposing on "associational rights" "cannot be justified on the ground that the regime is narrowly tailored to investigating charitable wrongdoing." *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2389 (2021).  Subpoenas which could have "a chilling effect on its associations with its employees and potential clients" by breaking anonymity are invalid. *Evergreen Ass'n, Inc. v. Schneiderman*, 153 A.D.3d 87, 100 (2d Dept. 2017). *See also Brown v. Socialist Workers '74 Committee (Ohio)*, 459 U.S. 87, 96 (1982) ("Even individuals who receive disbursements for 'merely' commercial transactions may be deterred by the public enmity attending publicity, and those seeking to harass may disrupt commercial activities on the basis of expenditure information. … Compelled disclosure of the names of such recipients of expenditures could therefore cripple a minor party's ability to operate effectively and thereby reduce the free circulation of ideas both within and without the political arena." (internal quotation marks omitted)).

---

[6] Defendant also claims that VDARE has delayed in seeking injunctive relief and that the request may be denied under *Citibank, N.A. v. Citytrust*, 756 F. 2d 273, 276 (2d Cir. 1985). This is not a requirement, especially where the delay is "explainable". *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995).  There has been no unreasonable delay—the Court is well aware that VDARE attempted to address the issue for months before filing suit and had hoped the state court would do its job, rather than merely be a stenographer for Defendant.

The loss of the First Amendment right to anonymity is fully substantiated by the Verified

Complaint, executed under penalty of perjury by Lydia Brimelow. (Doc. No. 1 at 18).   In the

Verified Complaint, Mrs. Brimelow attests to the facts that:

> 10.    Use of pejoratives to describe VDARE has led to significant reputational
> and professional harm for those associated with it.  On occasions when associations
> with VDARE have been disclosed or become public, people have lost employment,
> and contractors essential to VDARE's existence have opted to stop providing
> services.  Venues which have agreed to host VDARE's conferences have faced
> pressure campaigns and threats.  Such venues have sometimes canceled contracts
> with VDARE.
>
> 11.    To protect its rights of speech and association, VDARE is vigilant about
> maintaining the privacy of those associated with it and does not disclose their
> identities unless required by law.
>
> 53.    VDARE will suffer irreparable harm absent injunctive relief, including
> [enjoining] disclosure of identities of contractors, which disclosure cannot be
> undone.

(Doc. No. 1 at ¶¶ 10, 11 & 56). A verified complaint is tantamount to an affidavit.  *See* 28 U.S.C.

§ 1746.  The Federal Rules of Civil Procedure expressly contemplate a Verified Complaint being

sufficient, without separate affidavit, to substantiate the need for injunctive relief.  *See, e.g.,* Fed.

R. Civ. P. 65(b)(1)(A).  Defendant does not and cannot dispute that entities as well known as

Paypal and Amazon and many others have cut ties with VDARE over concern of public backlash

from its association with VDARE.  It is also beyond dispute that VDARE acquired its property in

West Virginia precisely because venues bent to public pressure and canceled contracts to host

conferences.  *See* "*VDARE Responds to Conference Cancellation at Cheyenne Mountain Resort,*"

KKTV (Aug. 15, 2017)("Cheyenne Mountain Resort [in Colorado] will not be hosting the VDARE

Foundation in April of next year. We remain committed to respecting the privacy of guests at the

resort.");[7]  Kristine Phillips, "*Resort Cancels 'White Nationalist' Organization's First-Ever*

---

[7] Available at https://www.kktv.com/content/news/Mayor-Suthers-responds-to-planned-VDARE-conference-in-Colorado-Springs-440537563.html. *See* **Exhibit B**.

*Conference over the Group's Views*", WASHINGTON POST (Jan. 26, 2017)("Tenaya Lodge, a resort on the border of Yosemite National Park, canceled [VDARE's] booking after receiving complaints about the organization's views.");[8] Lydia Brimelow, "*Cancelled Tucson Conference Produces Five-Figure Settlement—VDARE.com to Announce New Venue Soon!*" VDARE.com (Mar. 7, 2018).[9]   As recently as three months ago, the *Washington Post* published an article whose comments evince abuse of VDARE's neighbors in West Virginia merely for expressing favorable opinions of VDARE or its principals. Ellie Silverman, "*A 'Hate Castle' or Welcome Neighbor? VDare Divides a West Virginia Town*", WASHINGTON POST (Jan. 3, 2023).[10]   A supplemental declaration from Lydia Brimelow detailing the harms and Defendant's bad faith is filed herewith. *See* **Exhibit F**.   Additionally, VDARE has procured sworn affidavits from writers (redacted for filing) desiring their anonymity be maintained, and more may be forthcoming.  *See* **Exhibits G & H**. Thus, VDARE has sufficiently demonstrated both irreparable harm and the contractors' expectations of privacy.  To the extent there is a factual dispute, "there must be a hearing . . . and appropriate findings of fact must be made.'" *Republic of Philippines v. New York Land Co*., 852 F.2d 33, 37 (2d Cir. 1988) (quoting *Fengler v. Numismatic Americana, Inc*., 832 F.2d 745, 747 (2d Cir. 1987) (alteration omitted). *See also Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998) (indicating an evidentiary hearing is required if the facts are in dispute or have not been clearly demonstrated, if the disputed facts are not "amenable to complete resolution on a paper record[.]")[11]

---

[8]    Available   at   https://www.washingtonpost.com/news/post-nation/wp/2017/01/26/a-resort-canceled-a-white-nationalist-groups-first-ever-conference-because-of-its-views/. *See* **Exhibit C**.

[9]    Available   at   https://vdare.com/articles/cancelled-tucson-conference-produces-five-figure-settlement-vdare-com-to-announce-new-venue-soon. *See* **Exhibit D**.

[10]   Available at https://www.washingtonpost.com/dc-md-va/2023/01/03/vdare-berkeley-springs-castle-brimelows/. *See* **Exhibit E**.

[11]   Although the Court previously indicated it would decide the motion "based on the parties'

Simply put, Defendant has failed to show that the factors endorsed by *Arista Recs.* warrant judicial evisceration of the First Amendment right to anonymous speech and association here. Thus, VDARE is likely to succeed on the merits, in addition to having demonstrated irreparable harm.   Additionally, as the balance-of-equities and public-interest factors "merge when the Government is the opposing party" (*Nken v. Holder*, 556 U.S. 418, 435 (2009)) and "securing First Amendment rights is in the public interest," (*N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013)), VDARE has met all four preliminary injunction factors.   *Accord Hartford Courant Co., LLC v. Carroll*, 986 F.3d 211, 224 (2d Cir. 2021).

### 2.0     The State Court Decision Should Not Preclude Injunctive Relief

As Defendant must yield her demands to the First Amendment, she ran to a different court in order to attempt to obtain a decision from a tribunal acting as a stenographer that might have preclusive effect here.   Defendant misstates VDARE's position on *res judicata* as merely "distrust[ing] the impartiality of the state court."   (Doc. No. 34 at 13). Defendant could have engaged on the merits here, but purposely avoided the superior ability of a Federal court to adjudicate Federal constitutional rights, and then argued that this Court should abstain. Constitutional rights should not be the subject of gamesmanship.

As VDARE has previously pointed out, the Court should not reward a race to judgment under principles of comity.[12]   (Doc. No. 30 at 12, citing *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 97 (2d Cir. 2023) (courts should ask "whether the proposed remedy is being used merely for procedural fencing or a race to *res judicata*"); *F.T.C. v. Garvey*, 383 F.3d 891, 900 (9th Cir. 2004) ("applying *res judicata* here would likely reward gamesmanship")). Nor does

---

submissions" (Order of Mar. 27, 2023, Doc. No. 32), Second Circuit caselaw would seem to potentially require an evidentiary hearing, and VDARE does not waive its right to such.

[12] Defendant has not sought judgment on the ground of *res judicata*.

Defendant persuasively address her unseemly "race to *res judicata*" rushing to initiate her proceeding in state court after VDARE initiated this federal action.  *Dow Jones & Co. v. Harrods Ltd*., 346 F.3d 357, 359 (2d Cir. 2003); *see also Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981) (*res judicata* is designed "to prevent serial forum-shopping," not reward it).  This gamesmanship makes cases such as *Exxon Mobil Corp. v. Healey*, 28 F.4th 383 (2d. Cir. 2022) inapt. Unlike in *Healy,* VDARE could not pursue "the same relief", *i.e.* an injunction, in the state court that it seeks here. 28 F.4th at 400.  Defendant James was a "petitioner" in the state court special proceeding, and CPLR § 3019 appears to only authorizes a counterclaim against a "plaintiff"; VDARE could not automatically file a counterclaim per CPLR § 402.  *See* Advisory Committee Notes to CPLR § 402 ("To insure that the summary nature of special proceedings is not interfered with by the joinder of claims and the interposition of counterclaims or cross-claims, the court is given broad severance powers. *See* new CPLR § 407.") Thus, this Court should not apply *res judicata* to avoid the injunction.

### 3.0    Conclusion

"[T]he very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights -- to protect the people from unconstitutional action under color of state law, whether that action be executive, legislative, or judicial." *Mitchum v. Foster*, 407 U.S. 225, 242 (1975) (quotation omitted) (emphasis added). This Court must exercise its constitutional duty and ensure that the First Amendment right to anonymous speech and association is protected, irrespective of Defendant's gamesmanship in the state court.  In light of the foregoing, the motion should be allowed and Defendant enjoined from enforcing her subpoena to require identification of anonymous contractors.

Dated: April 24, 2023.                    /s/ Jay M. Wolman

Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
*Office Address:*
43-10 Crescent Street, Ste. 1217
Long Island City, NY 11101
*Mailing Address:*
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel:    888-887-1776
ecf@randazza.com

Marc J. Randazza (*pro hac vice forthcoming*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel:    888-887-1776
ecf@randazza.com

*Attorneys for Plaintiff,*
*VDARE Foundation, Inc.*