

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

212.416.6182
Richard.Sawyer@ag.ny.gov

July 27, 2023

**Via Electronic Filing**

Hon. Frederick J. Scullin, Jr.
Senior U.S. District Judge
Federal Building & U.S. Courthouse
P.O. Box 7255
Syracuse, New York 13261-7255

Re:   *VDARE Foundation, Inc.* v. *James*, No. 22-cv-1337

The Attorney General submits this letter in response to the Court's request for supplemental briefing on the res judicata effect of the state-court order on the Attorney General's pending motion to dismiss. D.E. 20 at 20–21. As the Court has found, res judicata bars the ultimate relief Plaintiff VDARE now seeks—an injunction that would impair the state court's order compelling Plaintiff VDARE to comply with the Attorney General's ongoing investigation of its misuse of charitable funds. Because the state court already considered and rejected each of VDARE's constitutional arguments, VDARE's lawsuit should be dismissed.

The Court has already ruled that the Attorney General has established each of the elements required to invoke res judicata: "(1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions.'" *Divito v. Glennon*, 193 A.D.3d 1326, 1328 (4th Dep't 2021) (cleaned up). The Court held that "the State Supreme Court's decision was a final judgment on the merits…that the parties in the State Supreme Court and in this case are the same, that the claims in both actions arise out of the same series of transactions and that VDARE raised or could have raised all of its constitutional claims in the special proceeding in State Supreme Court." D.E. 50 at 20. In reaching that conclusion, the Court rejected each of VDARE's arguments against res judicata. *See id.* at 14–20.

Thus, the only question remaining to be decided is whether the preclusive effect of the state-court ruling applies with equal force to each of Plaintiff's causes of action. It does. Because none of VDARE's claims can survive res judicata, the Attorney General's motion to dismiss should be granted.

### I. Count One, VDARE's declaratory relief claim was already litigated and decided in the Attorney General's favor.

The very arguments VDARE asserts in support of Count One, a request for declaratory relief under the First Amendment, were already rejected by the state court. VDARE seeks a declaration that the Attorney General's subpoena violates both *Americans for Prosperity Foundation v. Bonta*, 141 S. Ct. 2373 (2021), and *Evergreen Association, Inc. v. Schneiderman*, 153 A.D. 3d 87 (2d Dep't 2017), by seeking the identities of its transactional counterparties. *See* D.E. 1 (Compl.) at ¶¶ 34–38. But, as this Court recognized, the state court already analyzed identical First Amendment arguments and ruled that VDARE had "'not established that the Subpoena would impair its own First Amendment rights.'" D.E. 50 at 11 (quoting *People v. VDARE*, No. 453196/2022 (Sup. Ct. N.Y. Cnty. Jan. 19, 2023) at 7). VDARE's declaratory relief claim is therefore identical to constitutional claims the state court rejected, and it should be dismissed under res judicata. *See Trump v. James*, No. 1:21-cv-1352 (BKS/CFH), 2022 WL 1718951, at *16–19 (N.D.N.Y. May 27, 2022).

### II. The state court's order precludes Count Two, VDARE's retaliation claim.

Count Two, VDARE's First Amendment retaliation claim, is barred because the state court has already ruled that the Attorney General's investigation was lawful and justified. To prevail on its retaliation claim, VDARE must show that "the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019). Such a claim fails if the adverse action was a lawful exercise of investigative power. *See Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013).

The state court's preclusive ruling found that the Attorney General's investigation was a lawful exercise of its jurisdiction to investigate misconduct by New York charities. The state court concluded that the investigation was both justified by evidence of VDARE's self-dealing, D.E. 35-8 at 6–7, and constitutional in scope, holding that "the identities of contractors…are precisely the records the [Attorney General] seeks to examine in its investigation of [VDARE's] alleged organizational misconduct," *id.* at 8. These state-court rulings preclude this Court from reaching the contrary conclusion that the Attorney General's investigation was unjustified or pretextual. Count Two, therefore, must be dismissed as precluded. *See Trump*, 2022 WL 1718951, at *16–19.[1]

---

[1] Sovereign immunity bars Count Three, which seeks relief under the New York State Constitution. *See, e.g.*, *Alleyne v. N.Y. State Educ. Dep't*, 691 F. Supp. 2d 322, 335 (N.D.N.Y. 2010) ("Sovereign immunity bars state constitutional claims against the state, its agencies, or against its employees in their official capacity, regardless of the relief sought."). But this claim would also fail on the merits for the same reasons as VDARE's First Amendment claim. As VDARE concedes, the analysis for both claims is identical. D.E. 1 (Compl.) at ¶ 50.

**III.   Count Four, VDARE's permanent injunction request should meet the same fate as its preliminary injunction request.**

Res judicata also bars Count Four, VDARE's request for a permanent injunction. In denying VDARE's preliminary injunction, the Court correctly recognized that res judicata prohibited "an order temporarily restraining and enjoining Defendant during the pendency of this action from enforcing the [state-court] Decision and Order…directing VDARE to comply with Defendant's Subpoena." D.E. 50 at 20. Just as this Court cannot enter such interim relief, it also cannot order a *permanent* injunction impairing the state-court decision compelling subpoena compliance. This claim, too, is barred by res judicata. *See Trump*, 2022 WL 1718951, at *16–19.

Because each of VDARE's claims is barred by res judicata, the complaint should be dismissed.

Respectfully,

*/s/ Rick Sawyer*
Special Counsel

cc:   Counsel of Record (via ECF)